UNITED STATES of America,
Plaintiff–Appellee,

v.

Jon Barton SHIELDS,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Craig VON MITCHELL,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Bruce Harris WILLIAMS,
Defendant–Appellant.
(Two Cases)

UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert James GLASGOW,
Defendant–Appellant.

Nos. 89–50603, 89–50636 to 89–50638
and 89–50653.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1990.

Decided July 24, 1991.

Robert Augustus Harper, Barrett, Bajoczky, Hoffman and Harper, Tallahassee, Fla., James F. Pokorny, San Diego, Cal., Frank T. Vecchione, Eugene G. Iredale, San Diego, Cal., for defendants-appellants.

John R. Kraemer, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WALLACE, Chief Judge, and O'SCANNLAIN and RYMER, Circuit Judges.

WALLACE, Chief Judge:

Shields, Mitchell, Williams, and Glasgow (distributors) appeal from the sentences imposed after each pled guilty to distributing steroids in interstate commerce. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We vacate the sentences and remand.

I

During a two-year period, Shields, Mitchell, and Williams smuggled thousands of misbranded steroids into the United States, and distributed them on a nationwide basis. Glasgow, one of the recipients of the smuggled steroids, sold them locally. In 1989, all four steroid distributors were arrested, and charged with violations of 21 U.S.C. §§ 331(a), 333(b), and 353(b).

The distributors pled guilty to single felony counts of introducing steroids into interstate commerce and were sentenced under the Sentencing Guidelines. The presentence report calculated a Guidelines range of 0–4 months for Williams, Mitchell, and Glasgow and a slightly longer range of 1–7 months for Shields. However, after hearing argument from all parties, the district judge departed upward from the Guidelines and sentenced Shields to 3 years in prison, Williams to 18 months in prison, and Mitchell and Glasgow to 6 months each. The judge explained her decision to depart upwards from the Guidelines by stating that

The aggravating circumstance in this case is that the guidelines do not take into account quantity of steroids and role in the offense of the conspiracy—the role of the defendants in the offense, a conspiracy—as well as the quantity of steroids introduced into interstate commerce, and the scope of the criminal enterprise.

II

A sentencing judge may depart upward from the Guidelines if he or she finds aggravating circumstances of a kind "not adequately taken into consideration by the Sentencing Commission." United States Sentencing Commission, *Guidelines Manual*, § 5K2.0 (Nov.1990) (U.S.S.G.), *quoting* 18 U.S.C. § 3553(b). In this case the district court provided three reasons for departing upward from the Guidelines: (1) the quantity of steroids involved, (2) the scope of the criminal enterprise, and (3) the distributors' "role in the offense." Whether these circumstances were adequately considered by the Commission is a question of law which we review de novo. *See United States v. Carvajal*, 905 F.2d 1292, 1294 (9th Cir.1990) (construction and interpretation of the Guidelines is a question of law).

A.

The distributors contend that quantity of steroids is not an appropriate grounds for departure because the Guideline applicable to steroid offenses does not contain any distinctions based on quantity. *See* U.S.S.G. § 2N2.1.[1] They contrast ster-

---

1. Congress has recently added steroids to the list of controlled substances. Crime Control Act of 1990, Pub.L. No. 101-647, § 1902(a), 104 Stat. 4789, 4851 (1990) (effective Feb. 27, 1991).

However, we may not apply this statute retroactively to increase the distributors' sentences. *See Miller v. Florida*, 482 U.S. 423, 107 S.Ct.

oids offenses with controlled substance offenses, where quantity is factored into the offense level and guidelines range. *Compare id.* § 2N2.1 (base offense level of 6) *with id.* § 2D1.1 (sliding scale offense level depending on quantity). The distributors argue that the discrepancy between section 2N2.1 and section 2D1.1 shows that the Commission "deliberately ignored quantity" of steroids and disapproved consideration of this factor in the sentencing process.

■ When deciding whether a circumstance may be grounds for departure, courts must consider "the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b). Our review of these sources has uncovered no support for the distributors' assertion that the Commission considered quantity of steroids when drafting section 2N2.1. Moreover, section 5K2.0 clearly states that courts should not infer that a factor is not relevant to sentencing, simply because it has not been listed as an offense characteristic. This provision rebuts the distributors' contention that the Commission's silence constitutes a bar to considering quantity of steroids while sentencing. *See also id.* § 1B1.4 (sentencing judge may consider *"any information* concerning the background, character and conduct of the defendant" (emphasis added)).

Indeed, the distributors' argument has been rejected by two other circuits. In *United States v. Correa–Vargas,* 860 F.2d 35 (2d Cir.1988), Correa–Vargas pled guilty to a charge of using a communication facility in the commission of a drug offense. Although the relevant Guidelines provision, section 2D1.2, made no reference to quantity, the district court departed upward because of the large amount of drugs involved. In upholding the departure, the Second Circuit stated:

> Based on the clear language of [section 5K2.0], the district court is free to take quantity into account as an aggravating circumstance in sentencing ... even though it is not mentioned in [the applica-

2446, 96 L.Ed.2d 351 (1987). Therefore, the

ble Guideline].... Appellant's conclusion that the Commission must have rejected the factor purposefully is undermined by the Commission's own statements.

*Id.* at 38. Similarly, in *United States v. Ryan,* 866 F.2d 604 (3d Cir.1989), the Third Circuit upheld a Guidelines departure based on quantity of drugs, even though the applicable Guidelines section contained no references to quantity. *Id.* at 607–08. These authorities are persuasive, and we hold that the judge did not err by departing upwards based on the quantity of steroids involved in the offense.

■ The distributors also argue that *United States v. Restrepo,* 883 F.2d 781 (9th Cir.1989), prohibits the sentencing judge from departing on the basis of quantities of steroids not included in the counts of conviction. This argument is without merit, as *Restrepo* has been withdrawn. *United States v. Restrepo,* 896 F.2d 1228 (9th Cir.), *later proceeding,* 903 F.2d 648 (9th Cir.), *reh'g granted en banc,* 912 F.2d 1568 (9th Cir.1990). We have since held that "relevant conduct," as defined by section 1B1.3, includes quantities of drugs involved in the same course of conduct as the count of conviction. *United States v. Turner,* 898 F.2d 705, 711 (9th Cir.), *cert. denied,* ── U.S. ──, 110 S.Ct. 2574, 109 L.Ed.2d 756 (1990). Accordingly, we hold that the judge correctly considered the entire steroid distribution scheme when deciding to depart upwards from the Guidelines. *See* U.S.S.G. § 5K2.0 (court may depart based on relevant conduct, as defined by section 1B1.3) (1989) (in effect at time of sentencing).

Our recent decision in *United States v. Faulkner,* 934 F.2d 190 (9th Cir.1991), does not require a different result. In *Faulkner,* we held that a sentencing judge could not depart upward on the basis of five bank robberies that were dismissed pursuant to a plea bargain. *Id.* at 192–94. *Faulkner* was based on the premise that it would be "patently unfair" to hold the defendant to his part of the plea bargain,

change in the statute does not affect this appeal.

while at the same time relying on the dismissed charges while sentencing him. *Id.* at 192–93.

Unlike *Faulkner*, in this case the judge did not rely on dismissed charges, but sentenced the distributors only on the basis of the "relevant conduct" surrounding the conviction for distribution of steroids. The *Faulkner* rule prohibiting departure based on dismissed bank robberies, which are not "relevant conduct," *see* U.S.S.G. § 1B1.3, cannot bar departure based on any dismissed charges which describe conduct relevant to the count of conviction. *See id.*

### B.

■ The district judge also departed upward from the Guidelines on the basis of the "scope" of the offense. She pointed out that the distribution scheme spanned at least 14 months, and that this violation of the food and drug laws was "extreme." The distributors argue that the judge's consideration of the duration of the criminal enterprise is the same as considering quantity of drugs imported, and additionally that duration of the offense may never be considered when deciding whether to depart.

Common sense requires the conclusion that duration is not the same thing as quantity. A judge could easily find that a 14–month drug conspiracy is more serious than a single episode of importation. *See* 18 U.S.C. § 3553(a)(2) (sentence imposed should "reflect the seriousness of the offense, ... [and] provide just punishment"). Moreover, there is no evidence in "the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission" that the Sentencing Commission considered the possibility of a major steroid distribution network when drafting section 2N1.2. Because this case involves "unusual circumstances" that were not contemplated by the Sentencing Commission, we hold that the district judge did not err by considering duration as a factor justifying an upward departure. *See* U.S.S.G. § 5K2.0 ("[a]ny case may involve factors in addition to those identified that have not been given adequate consideration by the Commission"); *id.* § 1B1.4 (in deciding whether to depart, judge may consider any information concerning the conduct of the defendant).

### C.

■ The district judge also departed on the basis of the distributors' "role" in the steroid importation network. The distributors argue that role in the offense may not be grounds for departure, because the Guidelines already provide for an offense adjustment for the "organizer, leader, manager, or supervisor in any criminal activity." *Id.* § 3B1.1. They point out that this circuit has held that "factors such as ... role in the offense are already accounted for by application of the guidelines, and reliance on these factors for departure is inappropriate." *United States v. Nuno–Para*, 877 F.2d 1409, 1413 (9th Cir.1989) (*Nuno–Para*); *but see* U.S.S.G. § 5K2.0 ("the court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines").

We find the distributors' reliance on *Nuno–Para* persuasive. The judge made several statements that suggest she departed on the basis of the distributors' organizing role in the steroid network. For example, she described Mitchell as "a very major distributor" in the steroid importation network, and found that Williams was "a trusted lieutenant in a major smuggling ring." The district judge also justified Glasgow's sentence on the basis of "the nature of the enterprise and his connection to it" and "the proportionality of [his] proven involvement." Finally, when sentencing Shields, the judge explicitly relied on his role as organizer as grounds for departure:

All of the evidence—and you're correct, [Shields has] already been given points for this—points out that [Shields was] an organizer, ... [and] the scope was, in this particular case, so extreme. It was 14 months, and [Shields was], essentially, importing into the United States illegal steroids.

[Shields] organized it....

Because the district judge apparently departed in part on the basis of the distribu-

tors' "role in the offense," as defined by section 3B1.1, we must vacate and remand for resentencing. *Nuno–Para*, 877 F.2d at 1414. On remand, the district judge may elect to increase any of the distributors' base offense level on the basis of their organizing role, but she may not additionally rely on this factor as grounds for departure. *Id.* We further hold that the quantity of steroids involved, and duration of the offense, are proper grounds for departure under section 2N2.1.

VACATED AND REMANDED FOR RESENTENCING.

RYMER, Circuit Judge, dissenting:

I concur in all parts of the majority opinion except for Part II.C. I do not agree that the district judge impermissibly based her departure on the distributors' "role in the offense," as that term is used in U.S. S.G. § 3B1.1. Role in the offense concerns the relative responsibility of participants in a particular organization. *See* U.S.S.G. § 3B1.1 & comment. (backg'd). The scope of the operation is a distinct consideration from role in the offense. It concerns the extent of the enterprise and such things as the amount of drugs, money and time involved in the operation as a whole.

I believe that the district judge based her departure on the scope of the operation, not on role in the offense. In sentencing Shields, she stated: "All of the evidence— and you're correct, he's already been given points for this—points out that you were an organizer, but I would only point out that I think for purposes of understanding why I depart, it's just that the scope was, in this particular case, so extreme." This statement suggests, first, that she was fully aware that role in the offense would not be a proper basis for departure because it is already considered in the guidelines and, second, that she was concerned specifically with the scope of the operation Shields organized. *Cf. United States v. Benskin*, 926 F.2d 562, 565–67 (6th Cir.1991) (departure justified in fraud case when district judge stated that fraud was "extremely large in scope" such that defendant was "about the personally most culpable indi-

vidual [she had] seen in a large fraud case"). Therefore, I conclude that the district judge did not impermissibly depart on the basis of role in the offense and would affirm the sentences.