946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard FLORES, Defendant-Appellant.
 No. 91-30032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Oct. 16, 1991.
As Amended March 20, 1992.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 MEMORANDUM**
 Richard Flores was convicted under 18 U.S.C. §§ 113(f), 1151, and 1153(a) for assaulting his three-week-old daughter and causing serious bodily injury. Flores appeals his conviction on the ground of insufficiency of the evidence, and his sentence on account of incorrect application of the Sentencing Guidelines. Pursuant to §§ 2A2.2(a) and 2A2.2(b)(3)(B) of the Guidelines, the district court computed Flores's base offense level at 19, producing a sentencing range of 30 to 37 months imprisonment. The court then departed upwards to sentence Flores to 84 months imprisonment, partially on the ground that the victim was a defenseless infant. In computing the total offense level, however, the district court did not apply a two-point increase pursuant to § 3A1.1 for vulnerability of the victim due to age. Flores argues that he was sentenced improperly because the court departed upwards from the wrong total offense level while using a factor already taken into account by the guidelines to determine the extent of departure. We agree. Although we affirm Flores's conviction, we vacate his sentence and remand for resentencing.
 * Sentencing Guidelines § 3A1.1 provides a two-point offense level enhancement if "the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition." U.S.S.G. § 3A1.1. Application of the enhancement is mandatory once the district court finds facts sufficient to establish a vulnerable victim. See United States v. Avila, 905 F.2d 295, 297 (9th Cir.1990) (requiring application of obstruction of justice enhancement if facts support it).
 
 
 1
 Because Flores knew his daughter was three weeks old at the time of the assault, this enhancement was available.[1] See United States v. Boise, 916 F.2d 497, 506 (9th Cir.1990) (six-week-old infant is unusually vulnerable due to age even though defendant did not seek victim out because of vulnerability), cert. denied, --- U.S. ----, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991). For this reason, the fact of the victim's unusual vulnerability as an infant may not be a ground for departure unless there are aggravating circumstances that were not adequately taken into consideration by the Sentencing Commission or that are present to a degree substantially in excess of that which is ordinarily involved in the offense. 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0.
 
 
 2
 The district court based departure on the fact that Flores offered a different explanation of how the injuries occurred at the time of sentencing from that offered at the time of trial; the doctor testified that the femur fracture on the three-week old infant resulted from a twisting; twisting is one of the "cruelest and most egregious actions" a father can inflict; and other fractures indicated the child was "brutalized unbelievably." In its Statement of Reasons for Departure, the court also referred to § 5.K2.2 (recognizing departure for significant physical injury) and § 5K2.8 (providing for departure on account of unusually cruel conduct). Finally it remarked that the "[d]efendant was found guilty of beating a helpless and vulnerable three-week-old infant."
 
 
 3
 Flores argues that the court's statements do not adequately identify specific aggravating circumstances, fail to indicate that the Commission did not adequately consider the circumstances, and constitute an insufficient articulation of reasons under the five-step analysis required by United States v. Lira-Barraza, 897 F.2d 981 (9th Cir.1990).[2]
 
 
 4
 The government argues that, even though the district court departed from the wrong total offense level, the sentence itself was nonetheless reasonable. It contends that the Commission did not consider the age of the victim, the relationship of the victim to the defendant, extreme cruelty, or multiple injuries in crafting the aggravated assault guidelines; and that § 5K2.8 specifically authorizes departure if the defendant's conduct was unusually heinous, cruel, brutal, or degrading. The government also posits by analogy to the guideline for criminal sexual abuse, U.S.S.G. § 2A3.1, that the sentence imposed is within an acceptable guideline range despite the court's error in failing to adjust for the victim's vulnerability.[3]
 
 
 5
 The district court's findings with respect to extreme cruelty may well support departure under § 5K2.8, and its findings with respect to multiplicity of injuries might suffice to warrant departure under § 5K2.2 if the seriousness of those injuries is not already factored into the specific offense characteristics for aggravated assault under § 2A2.2(b)(3)(B). However, because the court may have relied on the infant's vulnerability in departing, when that factor has been taken into consideration in § 3A1.1, we must remand for resentencing. We are unable to tell whether the district court believed that this infant's vulnerability was any worse than that contemplated by § 3A1.1. It is also unclear whether the district court found the degree of injury greater than that considered by the guidelines. Therefore we must remand. United States v. Nuno-Para, 877 F.2d 1409, 1414 (9th Cir.1989) (sentence vacated and case remanded where, "because the court's statement of reasons contained an improper as well as a proper basis for departure, we have no way to determine whether any portion of the sentence was based upon consideration of the improper factors"), rev'd on other grounds, Burns v. United States, --- U.S. ----, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991); see also United States v. Shields, 939 F.2d 780 (9th Cir. July 24, 1991) (applying rule from Nuno-Para ).
 
 II
 
 6
 Flores argues that the court erred in permitting the jury to consider evidence of multiple fractures and in denying his motion for judgment of acquittal at the end of the government's case. There was sufficient evidence to support Flores's conviction for assault. On July 16, 1990, Dr. William Doyle examined three-week-old Eileen Flores for a swollen leg and found that the leg had no deformities. Early in the morning of July 18, 1990, Eileen began to cry, and Flores took her into the living room. Jackie Carson, Eileen's mother, heard the baby cry more intensely. She went to the living room and found Eileen lying on the couch; when Carson picked Eileen up, she noticed the baby's leg "dangling." An x-ray showed that her leg had been fractured. Dr. Richard Howland, who treated Eileen, characterized the fracture as a rotational break caused by a twisting. Howland testified that the fracture was "fresh," no more than a week old. On July 22, further x-rays of Eileen revealed multiple fractures to other parts of the body, which were not more than seven days old. Finally, Jackie Carson testified that on August 25, 1990, Flores admitted to her that he was the one who "did that to the baby."
 
 
 7
 Flores argues that the only testimony about when the injury occurred was from Dr. Howland, who stated that Eileen's leg was fractured no more than seven days before July 18, 1990. But the jury also heard Flores's confession to Carson that he had caused the baby's injuries, and heard Carson's testimony that she had discovered Flores with the baby when the baby's leg was broken and crying had intensified.
 
 
 8
 Flores also argues that admitting evidence of multiple fractures was "prejudicial and resulted in his conviction." To the extent he claims the district court abused its discretion under Fed.R.Evid. 403, we disagree. Evidence of other injuries besides Eileen's broken leg, occurring at or about the same time as the fracture, was relevant to who broke her leg and when. While prejudicial in the sense that it pointed to Flores, the evidence was strongly probative and not unduly prejudicial.
 
 
 9
 Viewed in the light most favorable to the government, the evidence is sufficient to permit a rational jury to find Flores guilty beyond a reasonable doubt of assaulting his daughter.
 
 
 10
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government concedes that the district court erred in failing to adjust Flores's offense level by two points, such thus that the correct level should have been 21 and the sentencing range 37-46 months
 
 
 [2]
 Since briefing in this case we have reconsidered Lira-Barraza en banc. United States v. Lira-Barraza, No. 88-5161, slip op. 9025 (9th Cir. July 22, 1991) (en banc). Although we now determine the propriety of guidelines departures under a different standard, that difference does not affect disposition of this case on appeal. It will, of course, control on remand
 
 
 [3]
 Because the district court did not arrive at its sentence on this basis, and we must in any event remand, we do not consider whether this approach would warrant the sentence imposed. The district court, however, may do so on remand; under Lira-Barraza, the court must provide a "reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines." Slip op. at 9039