977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig VON MITCHELL, Defendant-Appellant.
 No. 91-50765.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 19, 1992.
 Opinion withdrawn from bound volume.
Order withdrawing memorandum filed Jan.25, 1993.
 A new opinion will be filed.
Order Withdrawing Memorandum Disposition
Jan. 25, 1993.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Craig Von Mitchell appeals his eighteen month sentence for violating 21 U.S.C. §§ 331(a) and 333(b), and 18 U.S.C. § 2, by introducing misbranded steroids into interstate commerce and aiding and abetting. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 I. BACKGROUND
 
 3
 During a two year period, Mitchell and others smuggled thousands of misbranded steroids into the United States and distributed them on a nationwide basis. Mitchell subsequently plead guilty to one count of a fourteen count indictment. The district court sentenced Mitchell to eighteen months.
 
 
 4
 In United States v. Shields, 939 F.2d 780 (9th Cir.1991), Mitchell appealed his sentence. We reversed and remanded for resentencing. The district court resentenced Mitchell to eighteen months by relying on the quantity of steroids involved in dismissed counts and the duration of Mitchell's offense. Mitchell, now on his second appeal, contends that the district court erred when it relied on these factors to determine his sentence and when it refused to sentence him under newly amended guideline § 2D1.1 ("Unlawful Manufacturing, Importing, Exporting, or Trafficking").
 
 II. DISCUSSION
 
 5
 A. Steroids Involved in Dismissed Counts and Duration of Offense
 
 
 6
 Mitchell contends that the district court improperly recalculated his sentence when it relied on the quantity of steroids involved in dismissed counts and on the duration of his offense. Mitchell's contention lacks merit.[1]
 
 
 7
 On Mitchell's first appeal, we held that the district court could properly consider these circumstances when determining Mitchell's sentence. Shields, 939 F.2d at 782-84. Neither controlling authority nor the facts of this case have changed since our decision in Shields. Accordingly, the district court properly calculated Mitchell's sentence by relying on the quantity of steroids involved in dismissed counts and on the duration of Mitchell's offense when departing upward from § 2N2.1 ("Violations of Statutes and Regulations Dealing With Any Food, Drug, Biological Product, Device, Cosmetic, or Agricultural Product"), using § 2F1.1 as a guide.[2]
 
 B. Refusal to Use Newly Amended § 2D1.1
 
 8
 Mitchell also contends that the district court erred by refusing to sentence him under newly amended § 2D1.1. Mitchell fails to realize, however, that the district court could have imposed an eighteen month sentence under § 2D1.1 as well. It could have departed upward based on the quantity of steroids involved in dismissed counts and the duration of Mitchell's offense. See United States v. Restrepo, 903 F.2d 648, 653 (1990) (district court properly relied on quantity of drugs not included in count of conviction when determining base offense level under § 2D1.1), withdrawn in part on other grounds, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 1564 (1992); see also Guidelines Manual § 1B1.4 at 1.20 (1988) (in deciding whether to depart, sentencing judge may consider any information concerning the conduct of the defendant).
 
 
 9
 Because the district court could have sentenced Mitchell to eighteen months under § 2D1.1, we need not decide whether its refusal to use § 2D1.1 was improper.
 
 
 10
 AFFIRMED.
 
 ORDER
 
 11
 Jan. 25, 1993.
 
 
 12
 The memorandum disposition filed on October 19, 1992 is hereby withdrawn. A new opinion will be filed in its place.
 
 
 
 *
 The Panel unanimously found United States of America v. Craig Von Mitchell suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 United States v. Fine, 946 F.2d 650 (1991), on which Mitchell relies, was withdrawn by United States v. Fine, 963 F.2d 1258 (1992). On rehearing en banc, we held that in cases involving groupable offenses (e.g., drug offenses) upward departures may be based on relevant conduct found in dismissed counts. United States v. Fine, No. 90-50280, 1992 WL 220245 (9th Cir. Sept. 14, 1992)
 
 
 [2]
 At Mitchell's resentencing, the district court stated that it could calculate Mitchell's eighteen month sentence either by employing § 2F1.1 ("Fraud and Deceit") or by departing upward from § 2N2.1, using § 2F1.1 as a guide. Mitchell contends that the district court erred in employing § 2F1.1. Because the district court could properly arrive at an eighteen month sentence by departing upward from § 2N2.1, using § 2F1.1 as a guide, we need not decide whether the district court could have also properly employed § 2F1.1 to determine Mitchell's eighteen month sentence. Cf. Williams v. United States, 112 S.Ct. 1112, 1121 (1992) (court may affirm sentence where departure is based on valid and invalid factor and where sentence would have been the same absent reliance on invalid factor)