985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jon Barton SHIELDS, Defendant-Appellant.
 No. 91-50766.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Jan. 25, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CR-89-0059-01-K, Judith N. Keep, Chief Judge, Presiding.
 S.D.Cal. [APPEAL AFTER REMAND FROM, 939 F.2d 780.]
 AFFIRMED.
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jon Barton Shields appeals pro se his sentence under the Sentencing Guidelines imposed following our remand in United States v. Shields, 939 F.2d 780 (9th Cir.1992). Shields was convicted by guilty plea of introducing steroids in interstate commerce and aiding and abetting in violation of 21 U.S.C. §§ 331(a), 333(b) and 18 U.S.C. § 2. Shields contends the district court erred by relying on the dollar amount of transactions contained in dismissed counts of the indictment when establishing his adjusted offense level pursuant to U.S.S.G. § 2F1.1 ("Fraud and Deceit"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Our decision in United States v. Fine, 975 F.2d 596 (9th Cir.1992) forecloses Shields' reliance on this line of argument. In Fine, we held that conduct charged in dismissed counts of an indictment may be counted as relevant conduct when establishing a defendant's offense level under section 2F1.1, even if the counts were dismissed pursuant to a plea bargain. See id. at 599-600, 602. Accordingly, the district court did not err by taking into account as relevant conduct quantities of steroids involved in the dismissed counts of the indictment. See id.; see also United States v. Cambra, 933 F.2d 752, 755-56 (9th Cir.1991) (where steroid offense involved fraud against the government, U.S.S.G. § 2F1.1, rather than U.S.S.G. § 2N2.1 ("Violations of Statutes and Regulations Dealing With Any Food, Drug, Biological Product, Device, Cosmetic, or Agricultural Product"), is the correct Guidelines section to apply).
 
 
 4
 At Shields' resentencing, the district court premised its sentencing decision on alternate bases: (1) that section 2F1.1 applied; or (2) that section 2N2.1 applied and a departure upward, guided by analogy to section 2F1.1, was warranted due to the extent of the relevant conduct involved in the entire steroid distribution scheme.
 
 
 5
 To the extent that Shields raises the issue of whether an upward departure from section 2N2.1 was proper, we decline to address this issue because the district court properly calculated the offense level under section 2F1.1 and did not depart from the applicable Guidelines range. We do note, however, that this issue was squarely addressed in our published opinion in a companion case, United States v. Von Mitchell, No. 91-50765, slip op. ----, (9th Cir. January ---, 1993).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Court Reporter Renee Green's "Motion for Extension of Time to File Transcript," filed January 4, 1993, is granted