**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Craig VON MITCHELL, Defendant–**
**Appellant.**

No. 91–50765.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1992.*

Memorandum Disposition
Filed Oct. 19, 1992.

Memorandum Disposition Withdrawn
Jan. 25, 1993.

Decided Jan. 28, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

James F. Pokorny, San Diego, CA, for defendant-appellant.

Bruce R. Castetter and David P. Curnow, Asst. U.S. Attys., San Diego, CA, for plaintiff-appellee.

Before TANG, PREGERSON, and ALARCON, Circuit Judges.

PER CURIAM:

Craig Von Mitchell appeals his sentence imposed under the United States Sentencing Guidelines following our remand in *United States v. Shields*, 939 F.2d 780 (9th Cir.1991). Von Mitchell's original appeal was consolidated with that of codefendant Jon Barton Shields. Von Mitchell was convicted by guilty plea of introducing steroids in interstate commerce without a prescription and aiding and abetting in violation of 21 U.S.C. §§ 331(a), 333(b) and 18 U.S.C. § 2. Von Mitchell contends the district court erred by relying on conduct contained in dismissed counts of the indictment when deciding to depart from the sentencing range established by application of U.S.S.G. § 2N2.1 ("Violations of Statutes and Regulations Dealing With Any Food, Drug, Biological Product, Device, Cosmetic, or Agricultural Product"). Alternatively, Von Mitchell argues that the district court should have applied U.S.S.G. § 2D1.1(c)(19), which, as revised after the original sentencing date, would apply to the offense of conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

### Upward Departure

On Von Mitchell's first appeal, we held that the district court could properly consider the conduct involved in the dismissed counts as relevant conduct pursuant to U.S.S.G. § 1B1.3, and that this conduct could form the basis for an upward departure from the applicable Guidelines range calculated under section 2N2.1. *Shields*, 939 F.2d at 782–83. Our recent en banc reaffirmation in *United States v. Fine*, 975 F.2d 596 (9th Cir.1992) (en banc), of the continued vitality of both *United States v. Faulkner*, 952 F.2d 1066 (9th Cir.1991) and *United States v. Castro–Cervantes*, 927 F.2d 1079 (9th Cir.1991) makes it inappropriate to affirm Von Mitchell's sentence based on the rationale of *Shields*, 939 F.2d 780.

*Fine* emphasized that although dismissed counts could be used for purposes of establishing offense levels within the Guidelines in cases involving "groupable offenses and no departure," in cases involving "departures and non-groupable offenses" courts should not rely on conduct involved in dismissed counts to justify upward departure. *Fine*, 975 F.2d at 602. Because the offense level under section 2N2.1 is not "determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm," counts charged under this section are not groupable and the district court could not rely on conduct in dismissed counts to justify an upward departure. *See* U.S.S.G. §§ 2N2.1, 3D1.2(d); *Fine*, 975 F.2d at 599.

## II

### U.S.S.G. § 2F1.1

Nonetheless, we affirm the sentence imposed in this case because the district court properly calculated the offense level under U.S.S.G. § 2F1.1 ("Fraud and Deceit") and did not depart from the applicable Guidelines range.

At Von Mitchell's resentencing, the district court premised its sentencing decision on alternate bases: (1) that section 2F1.1 applied; or (2) that section 2N2.1 applied and a departure upward, guided by analogy to section 2F1.1, was warranted due to the extent of the relevant conduct involved in the entire steroid distribution scheme.

In *Fine*, we held that conduct charged in dismissed counts of an indictment may be counted as relevant conduct when establishing a defendant's offense level under section 2F1.1, even if the counts were dis-

missed pursuant to a plea bargain. *See Fine,* 975 F.2d at 599–600, 602. Accordingly, the district court did not err by taking into account as relevant conduct quantities of steroids involved in the dismissed counts of the indictment. *See id.; see also United States v. Cambra,* 933 F.2d 752, 755–56 (9th Cir.1991) (where steroid offense involved fraud against the government, U.S.S.G. § 2F1.1, not U.S.S.G. § 2N2.1, is the correct Guidelines section to apply).

III

Applicability of U.S.S.G. § 2D1.1

Because we hold that the district court properly applied section 2F1.1 when calculating Von Mitchell's offense level under the Guidelines, we need not address his contention that the district court could have applied the 1991 amended version of U.S.S.G. § 2D1.1 to calculate his sentence.

AFFIRMED.