UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert FINE, aka: Anosh Toufigh, aka:
Jacob Maarse, aka: Jack Patterson,
Defendant–Appellant.

No. 90–50280.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 1991.

Decided Oct. 1, 1991.

Michael J. Treman, Santa Barbara, Cal., for defendant-appellant.

Stephen A. Mansfield, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before NORRIS and THOMPSON, Circuit Judges, and KING, District Judge.[*]

WILLIAM A. NORRIS, Circuit Judge:

Fine appeals his sentence of 50 months. We affirm in part, reverse in part, vacate the sentence and remand to the district court for resentencing.

## I

Appellant was charged in a multi-count indictment with a mail fraud scheme. According to the indictment, appellant engaged in four distinct fraudulent transactions in which he assumed the identities of various landowners and used their property as collateral to obtain loan proceeds. Appellant pled guilty to one count of mail fraud and one count of use of a fictitious name. These counts referred to an August 7, 1989 transaction in which appellant represented himself as a certain Anosh To-ufigh and used property belonging to Toufigh as collateral without the owner's knowledge to receive $113,550.54. In return for appellant's guilty plea, the government agreed to drop the other counts which referred to similar transactions that occurred on different dates.

The Sentencing Guidelines provide for a base offense level of 6 for offenses involving fraud. *See* U.S.S.G. § 2F1.1(a). The Guidelines require that this base offense level be enhanced proportionately to the amount of the actual or intended monetary loss. *See* § 2F1.1(b). If the monetary loss exceeds $100,000 but is less than $200,000, the Guidelines in effect at the time of Fine's sentencing required that the base offense level be increased by 6 points. If the monetary loss exceeded $200,000, the Guidelines required an increase of 8 points.

In calculating the total monetary loss for enhancement purposes, U.S.S.G. § 1B1.3(a)(2) (the "Relevant Conduct" provision) requires that a sentencing judge aggregate the losses caused (or intended to be caused) by "*all* such acts and omissions that were part of the *same course of conduct or common scheme or plan as the offense of conviction.*" (emphasis added). At sentencing, the government argued that the fraudulent transactions in the dropped counts were "relevant conduct" within the meaning of section 1B1.3(a)(2) and urged the district court to take into account losses arising from those transactions in determining the total loss. The district court agreed. Although the loss specified in the counts of conviction was less than $200,000, the district court enhanced the base offense level by 8 rather than 6 points because the total loss specified in the indictment was over $600,000.

On appeal, appellant argues that he was deprived of the benefit of his plea bargain when the district court took into consideration loss arising from counts which the government agreed to drop. Appellant's argument is squarely governed by our

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

holding in *United States v. Castro-Cervantes*, 927 F.2d 1079 (9th Cir.1991). In *Castro-Cervantes*, we held that a court may not rely on dismissed charges in calculating the defendant's sentence. *Id.* at 1082. In justifying the holding, we reasoned, "[F]or the court to let the defendant plead to certain charges and then be penalized on charges that have, by agreement, been dismissed is not only unfair; it violates the spirit if not the letter of the bargain." *Id.* In the present case, the district court relied on the dismissed counts to enhance appellant's sentence. Because this reliance is impermissible under our holding in *Castro-Cervantes*, we reverse the district court's computation of the base offense level.

## II

■ Under U.S.S.G. § 3C1.1, if the "defendant willfully ... attempted to obstruct the administration of justice during the investigation ... of the instant offense," his base offense is enhanced by two points. Relying on the fact that appellant made false statements upon his arrest and generally provided misleading information during the initial interrogation, the government argued that appellant's base offense level should be increased by two points. The district court agreed.

We affirm the district court's enhancement of appellant's base offense level for obstruction of justice. Under *United States v. Christman*, 894 F.2d 339 (9th Cir.1990), "[t]he court's finding that [defendant] obstructed justice is a factual conclusion which we review for clear error." *Id.* at 342. Having examined the presentence report, we conclude that the court's finding that appellant obstructed justice was not clearly erroneous. Appellant made false statements to the investigating agent for several hours and he retracted his statements only after the investigating agent located evidence that directly contradicted his assertions. Appellant gave a false address after his arrest. *Cf. United States v. Rodriquez–Macias*, 914 F.2d 1204, 1205 (9th Cir.1990) (per curiam) (holding that a district court's finding that defendant ob-

structed justice simply because he used a false name at the time of his arrest was not clearly erroneous). He denied that Jack Patterson was his alias. He made up a whole story about Jack Patterson. He attempted to conceal the fact that a mailbox in Patterson's name was used in the fraudulent transactions. Considered in their totality, these facts, even when viewed in the light most favorable to appellant as mandated by Application Note 1 of Commentary to U.S.S.G. § 3C1.1, defeat his claim that the district court's finding was clearly erroneous.

## III

[3] The Guidelines further provide that a district court should reduce a base offense level by two points if the defendant has accepted responsibility. *See* U.S.S.G. § 3E1.1. Relying on the fact that he pled guilty to two counts, appellant argued for a reduction in the base offense level. Reasoning that, far from accepting responsibility, appellant had obstructed justice, the district court did not reduce the base offense level for acceptance of responsibility.

■ We affirm the district court's refusal to credit appellant for acceptance of responsibility. Under Application Note 4 of the Commentary to U.S.S.G. § 3E1.1 (Acceptance of Responsibility), "[c]onduct resulting in an enhancement under [obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Note 4 further provides that "there may ... be extraordinary cases in which adjustments under both [provisions] apply." Having found that appellant obstructed justice, the district court had to determine whether this case presents the extraordinary circumstances that would also warrant a finding of acceptance of responsibility. "Whether a defendant has accepted responsibility for a crime is a question of fact which the court reviews for clear error. The district court's determination will not be disturbed 'unless it is *without foundation.'* " *United States v. Aichele*, 941 F.2d 761 at 767 (9th Cir.1991) (quoting *United States v. Rosales*, 917 F.2d 1220, 1222 (9th Cir.1990)

(quoting *United States v. Smith,* 905 F.2d 1296, 1301 (9th Cir.1990)) (emphasis in original). We find no basis in the record for concluding that the district court's finding that this case does not present extraordinary circumstances is without foundation.

## IV

■ In calculating appellant's criminal history score, the presentence report treated two of appellant's prior sentences as distinct. According to the presentence report, both underlying convictions involved fraudulent transactions with very similar *modus operandi.* These transactions took place six months apart and appear to have been discovered as a result of a single investigation and resulted in a single arrest. They were consolidated for trial in state court. After appellant entered guilty pleas in both cases, the trial court imposed two concurrent sentences of 113 days each.

Under U.S.S.G. § 4A1.1, a defendant's criminal history category is determined, *inter alia,* by adding 2 points for each prior sentence of imprisonment of more than sixty days but less than thirteen months. In this case, the district court computed appellant's criminal history score by counting separately the two prior sentences of 113 days each.

Relying on U.S.S.G. § 4A1.2(a)(2) that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history," appellant challenges the district court's computation. Appellant notes that the two transactions were part of a single common scheme to defraud financial institutions, that they shared a common *modus operandi* and that they were consolidated for trial and sentencing. Appellant then relies on Application Note 3 of the Commentary to section 4A1.2(a)(2): "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, *or* (3) were consolidated for trial or sentencing." (emphasis added).

In *United States v. Davis,* 922 F.2d 1385 (9th Cir.1991), we held that whether two cases are "related" for purposes of U.S.S.G. § 4A1.2(a)(2) is subject to *de novo* review. *Id.* at 1388.

In holding that the two prior cases are unrelated, the district court relied on *United States v. Gross,* 897 F.2d 414 (9th Cir. 1990). In *Gross,* defendant relied on Application Note 3 of the Commentary to U.S.S.G. § 4A1.2(a)(2) which provides in relevant part that "[c]ases are considered related if they ... were consolidated for trial or sentencing." Gross argued that the district court miscalculated the criminal history category because it treated as unrelated two prior cases that were consolidated for sentencing. In affirming the district court's computation of Gross' criminal history category, we refused to take the language in Application Note 3 at face value [1] and rejected a *per se* rule that "every time a defendant is sentenced at a single hearing for multiple convictions those convictions are related." *Gross,* 897 F.2d at 417. Relying on defendant's stipulation that "the three cases arose out of factually unrelated criminal actions," we then upheld the district court's determination that the cases were not "related" within the meaning of section 4A1.2(a)(2).

In a very recent decision, *United States v. Anderson,* 942 F.2d 606 (9th Cir.1991) (en banc), we effectively overruled *Gross.* In *Anderson,* we considered the status of the commentary to the Guidelines. In holding that courts cannot disregard, but rather must apply commentary, unless the commentary and the Guidelines cannot be construed consistently, *see id.* at 613–14, we said that courts should no longer rely on the remarks in *Gross* "rejecting part of an application note because 'application notes are not binding law.'" *Id.* at 614 n. 5 (quoting *Gross,* 897 F.2d at 416–17). See also, *United States v. Palmer,* 946 F.2d 97 at 99 (9th Cir.1991).

■ Because there is no inconsistency between Application Note 3 and the text of

---

**1.** *See Gross,* 897 F.2d at 416–17 ("These application notes are not binding law, they are only advisory commentary to assist in the application of the statute.").

the Guidelines in section 4A1.2(a)(2), we cannot ignore the clear mandate of Note 3. Note 3 considers cases related if they "(1) occurred on a single occasion, (2) were part of a single common scheme or plan, *or* (3) were consolidated for trial or sentencing." (emphasis added). Because appellant's cases were consolidated for trial and sentencing within the meaning of Application Note 3(3), the district court erred in finding that the two cases were not related within the meaning of section 4A1.2(a)(2).

In light of the foregoing, the district court erred in relying on *Gross* to hold that the two previous crimes are unrelated. As a result of this error, the district court calculated appellant's criminal history score as 7, rather than as 5, points. This miscalculation placed appellant in criminal history category IV instead of category III. As a result, the district court determined that the applicable guidelines range was 41–51 months, rather than 33–41 months. We therefore vacate the sentence.

### V

We AFFIRM in part, REVERSE in part, VACATE the sentence and REMAND to the district court for resentencing.