962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
KELVIS BAMIDELE, Defendant-Appellant.
 No. 91-50628.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 7, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kelvis Bamidele argues that the district court made two errors in calculating his sentence, following his plea of guilty to fraud charges. First, he contends that the court erred in setting his offense level by including conduct that was not described in the charges to which he pled guilty. Second, he contends that the court erred in failing to grant a two-point adjustment for acceptance of responsibility. We affirm.
 
 
 3
 * Under the U.S. Sentencing Guidelines, the base offense level for fraud is six, and points are added based on the dollar amount of the fraud to arrive at the total offense level. See U.S.S.G. § 2F1.1(a) and (b)(1). Bamidele pled guilty to fraudulently passing $17,114.65 worth of U.S. savings bonds, but the sentencing court added four points to his base offense level, commensurate with a fraud of over $20,000. Bamidele argues that this was error because the sentencing court was limited by the dollar amount of the fraud to which he pled guilty.
 
 
 4
 The district court was permitted to consider other frauds besides those described in Bamidele's indictment in setting his offense level. Indeed, "Sentencing Guidelines §§ 1B1.3(a)(2) and (a)(3) mandate sentencing consideration of a broad range of conduct (called 'relevant conduct') beyond the offense of conviction." United States v. Newbert, 952 F.2d 281, 283 (9th Cir.1991) (emphasis added) (footnote omitted), petition for cert. filed, --- U.S.L.W. ---- (Mar. 19, 1992). "Section 1B1.3(a)(2) applies to only a certain class of crimes, including fraud...." Id. For such crimes, the offense level is to be calculated based on "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).
 
 
 5
 United States v. Fine, 946 F.2d 650 (9th Cir.1991), and United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990), are inapposite here. In these cases, the defendant was sentenced based on conduct described in charges dismissed pursuant to a plea agreement. By contrast, Bamidele pled guilty to all six counts of the indictment against him and no charges were dismissed pursuant to his plea agreement. Hence, it was impossible for the sentencing court to have relied on conduct in dismissed charges. In Fine and Castro-Cervantes, the court was concerned that "for the court to let the defendant plead to certain charges and then be penalized on charges that have, by agreement, been dismissed is not only unfair; it violates the spirit if not the letter of the bargain." Castro-Cervantes, 927 F.2d at 1082, quoted in Fine, 946 F.2d at 652. Such concerns simply are not presented here.
 
 
 6
 Bamidele argues in the alternative that even if conduct outside the counts of conviction may be considered, the district court did not make sufficient findings regarding what conduct it was including in calculating his sentence. The district court did not make formal written findings regarding the conduct included in Bamidele's sentence. It is clear from the oral transcript of Bamidele's sentencing hearing, however, that the sentencing court adopted the findings of the presentence report. That is all that is required. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (district court makes adequate findings when it adopts the conclusions of the presentence report); United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) (findings adequate where the "record at the sentencing hearing reflects no confusion on anyone's part as to what the district court decided").
 
 
 7
 Bamidele contends that the court had no evidence before it upon which to base the sentence. The sentencing court had before it the presentence report and Bamidele's objections to such report, however. We have stated that "[u]nder the sentencing guidelines, the presentence report and the defendant's objections to that report are essential considerations in proper sentencing. The report forms the factual basis for the judge's sentencing determination." United States v. Turner, 905 F.2d 300, 301 (9th Cir.1990). Thus, it was entirely proper for the sentencing court to rely on the presentence report as its principal evidence in calculating Bamidele's sentence.
 
 
 8
 Bamidele also argues that the preponderance of the evidence does not support the findings that he attempted to cash a stolen Treasury check for $11,247, or that such attempt was in the same course of conduct or part of a common scheme or plan with the conduct to which he pled guilty. These findings of fact made in the course of applying the Sentencing Guidelines are reviewed for clear error. United States v. Koenig, 952 F.2d 267, 271 (9th Cir.1991). We conclude that neither finding was clearly erroneous.
 
 
 9
 The district court did not clearly err in finding, by adopting the presentence report, that Bamidele attempted to pass the stolen Treasury check. Bamidele admitted he did so in an interview with a government agent. [ER 65] If this were not enough, he was also identified as attempting to pass the stolen Treasury check by an individual present at the bank at the time [PSR p 15], he was identified by bank employees as later posing as the payee of the Treasury check [PSR p 37], and he had an automated teller machine (ATM) card in the name of the payee with him when arrested [PSR p 40].
 
 
 10
 The district court also was not clearly erroneous in finding that the passing of the stolen U.S. Treasury check was part of the same course of conduct or common scheme or plan as the passing of stolen U.S. savings bonds, to which he pled guilty. Both incidents involved stolen United States negotiable instruments. Both incidents occurred at the same bank. [PSR p 4, 37] The incidents occurred within a few days of one another. [PSR p 5, 15] Perhaps most important, Bamidele used the same method to perpetrate both frauds: forged identification was used to open an account in the name of the payee of the stolen instrument, the instrument was deposited into the account, and cash was then drawn out.
 
 
 11
 We hold that the district court properly aggregated the dollar amounts from the stolen U.S. Treasury check and the stolen U.S. savings bonds when calculating Bamidele's offense level under the Sentencing Guidelines.
 
 II
 
 12
 Under section 3E1.1 of the Sentencing Guidelines, the sentencing court is directed to reduce a defendant's offense level by two points "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). The district court adopted the recommendation of the presentence report and declined to adjust Bamidele's sentence for acceptance of responsibility. Bamidele contends that this was error.
 
 
 13
 "This circuit reviews for clear error the factual finding that a defendant has not accepted responsibility for his criminal conduct." United States v. Hall, 952 F.2d 1170, 1171 (9th Cir.1991). "Because the 'sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility,.... her determination is entitled to great deference on review.' " Id. (ellipsis in original) (quoting United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990)). Bamidele "has the burden of showing acceptance of responsibility." Rosales, 917 F.2d at 1222.
 
 
 14
 Bamidele pled guilty to all of the counts in his indictment, but "[i]t is clear that section 3E1.1 does not require a reduction as a matter of right whenever a defendant pleads guilty." United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). "A defendant may plead guilty, or confess, not because he has truly accepted responsibility for his conduct but because he has an ulterior motive, such as a desire to receive a lighter sentence." Hall, 952 F.2d at 1171. Hence, "[a]cceptance of responsibility requires some manifestation of sincere contrition ... or sincere remorse." Ramos, 923 F.2d at 1360.
 
 
 15
 Bamidele argues that he was denied the acceptance of responsibility sentence adjustment because, on the advice of counsel, he declined to fully discuss his offense conduct. To the extent that Bamidele is impliedly asserting that his exercise of his Fifth Amendment privilege against self-incrimination was held against him in sentencing, this claim must fail. It is true that we have held that "in determining a defendant's acceptance of responsibility, a sentencing court cannot consider against a defendant any constitutionally protected conduct." United States v. Watt, 910 F.2d 587, 592 (9th Cir.1990). We have also stated, however, that the "[m]ere assertion of a Fifth Amendment right to remain silent ... cannot be grounds for a more lenient sentence; some evidence of contrition is required." United States v. Piper, 918 F.2d 839, 840 (9th Cir.1990).
 
 
 16
 Even assuming that Bamidele asserted his Fifth Amendment privilege, and that the Self-Incrimination Clause protected Bamidele from discussing crimes to which he had already pled guilty, the fact remains that evidence of contrition is lacking. Bamidele apparently concedes that his strongest statement of "acceptance of responsibility" to the Probation Officer was the following: "I accept my responsibility in the sense that I knew what was going on, but the whole thing was not my idea." At his sentencing hearing, Bamidele further stated,
 
 
 17
 Well, I'm very sorry about everything that happened, your Honor, because I made big mistake. I involve myself with some people that I shouldn't have involved myself with....
 
 
 18
 I'm very sorry about what I tell the Court true about the whole thing. That's all.
 
 
 19
 Given the nature of these statements, in which Bamidele suggests that others share the blame for his misconduct, we conclude that the district court's finding that Bamidele had not met his burden of showing that he had "clearly demonstrate[d] a recognition and affirmative acceptance of personal responsibility for his criminal conduct," U.S.S.G. § 3E1.1(a) (emphasis added), was not clearly erroneous.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3