962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald James PENROD, Defendant-Appellant.
 No. 91-30373.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald James Penrod appeals from his sentence, imposed following a guilty plea, for knowingly making a false statement to the United States Postal Service in violation of 18 U.S.C. § 1001. Penrod contends that the district court erred by adjusting his base offense level under the United States Sentencing Guidelines because he represented that he was acting on behalf of a government agency. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's application of the Guidelines. United States v. Hall, 952 F.2d 1170, 1172 (9th Cir.1991). We review for clear error the findings of fact underlying application of the Guidelines. United States v. Fine, 946 F.2d 650, 652 (9th Cir.1991). The trial court's credibility findings receive "special deference." United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 4
 Specific offense characteristic adjustments to a defendant's base offense level are to be determined based on "all acts and omissions [committed by the defendant] that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). "Relevant conduct" may include conduct for which the defendant was not convicted. United States v. Willard, 919 F.2d 606, 609 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991); see United States v. Shields, 939 F.2d 780, 782-83 (affirming upward departure based on uncharged "relevant conduct"); cf. Fine, 946 F.2d at 651-52 (district court may not include conduct underlying counts dismissed pursuant to plea agreement when calculating offense level). The Guidelines provide for an upward adjustment to the base offense level for fraud "[i]f the offense involved (A) a misrepresentation that the defendant was acting on behalf of ... a government agency...." U.S.S.G. § 2F1.1(b)(3).
 
 
 5
 Here, Penrod was originally charged in nine counts with operating a mail diversion scheme directed against recently deceased persons. Pursuant to a plea agreement, he pleaded guilty to one count involving a victim named Merle Richards. The district court adjusted Penrod's base offense level upwards to 10 after finding that Penrod telephoned one Mrs. Grayson, represented himself as a government official and attempted to convince her to reveal her husband's Social Security number to him. Penrod's attempt to divert Mr. Grayson's mail was not charged as part of the indictment and did not form the basis for any of the charges dismissed pursuant to the plea agreement.
 
 
 6
 Penrod contends that the district court erred by considering the statement to Mrs. Grayson because there was insufficient evidence to prove that he made the telephone call, Mrs. Grayson's recollection of what the caller said was not credible, and the alleged statement was not covered by U.S.S.G. § 2F1.1(b)(3). We disagree.
 
 
 7
 The district court credited Mrs. Grayson's testimony that her caller identified himself as a government official, and this finding was not clearly erroneous. See Ramos, 923 F.2d at 1356. The evidence showed that a fraudulent change of address form had been filed for Mr. Grayson, and a copy of his obituary was discovered in Penrod's possession. Police also discovered evidence suggesting that Penrod used the telephone as part of his fraud scheme. Given these facts, we are bound to accept the district court's finding that Penrod made the telephone call to Mrs. Grayson and claimed to represent a government agency. See id.
 
 
 8
 Penrod offers no support for his contention that the section 2F1.1(b)(3) adjustment is aimed solely at fraudulent fund-raising and debt collection activities. Although the commentary provides some examples of conduct which would warrant an adjustment for purporting to act "on behalf of" a government agency, there is no indication that this list is exhaustive. Penrod's attempt to claim legal authority to demand a victim's Social Security number is clearly covered by the plain language of the guideline itself. Further, although the telephone call to Mrs. Grayson did not directly pertain to Penrod's fraudulent activities toward the victim of the count of conviction, it was properly considered "relevant conduct" under U.S.S.G. § 1B1.3. Accordingly, the district court did not err by applying the adjustment when calculating Penrod's sentence. See U.S.S.G. § 2F1.1(b)(3); Shields, 939 F.2d at 782-83.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Penrod's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Penrod argues for the first time that the district court erred by considering the uncharged conduct against Mrs. Grayson when calculating his sentence after other charges had been dismissed pursuant to a plea bargain. We will not consider this claim as it is raised for the first time on appeal and in the reply brief. See United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991) (issue not considered if not raised below); Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir.1990) (issues must be raised in opening brief on appeal), cert. denied, 112 S.Ct. 66 (1991). Further, we note that the Ninth Circuit authorities cited by Penrod prohibit the consideration of conduct underlying counts dismissed pursuant to a plea bargain, but do not address the use of relevant conduct which was never charged at all. See, e.g., Fine, 946 F.2d at 651-52