963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Medina PADILLA, Defendant-Appellant.
 No. 90-10349.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 18, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Medina Padilla appeals his sentence following a guilty plea to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Counsel for Padilla initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel then filed a supplemental brief contending that Padilla was deprived of the benefit of his plea bargain when the district court based his offense level on the aggregate amount of drugs seized in the overall scheme. Because counsel's request to withdraw is moot, we review this case on the merits, considering the argument raised in Padilla's supplemental brief. We have jurisdiction under 28 U.S.C. § 1291 and vacate and remand for resentencing.
 
 
 3
 Pursuant to U.S.S.G. § 1B1.3 (the "relevant conduct provision"), the district court should consider "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). " 'Such acts and omissions,' ... refers to acts and omissions committed ... by the defendant, or for which the defendant would be otherwise accountable.... Application of this provision does not require the defendant, in fact, to have been convicted of multiple counts." U.S.S.G. § 1B1.3, comment. (n. 2). "[T]he conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment. (n. 1).
 
 
 4
 " '[R]elevant conduct,' as defined by section 1B1.3, includes quantities of drugs involved in the same course of conduct as the count of conviction." United States v. Shields, 939 F.2d 780, 782 (9th Cir.1991); see U.S.S.G. § 1B1.3, comment. (n. 2). Nevertheless, the district court may not rely on charges dismissed pursuant to a plea agreement to enhance a defendant's base offense level under section 1B1.3. United States v. Fine, 946 F.2d 650, 652 (9th Cir.1991). Our reasoning is based on the underlying premises of a plea agreement, where the defendant relinquishes his or her sixth amendment right to a trial in exchange for a specified benefit. See id.; see also United States v. Faulkner, 952 F.2d 1066, 1070 (9th Cir.1991). "[T]o let the defendant plead to certain charges and then be penalized on charges that have, by agreement, been dismissed is not only unfair; it violates the spirit if not the letter of the bargain." United States v. Castro-Cervantes, 927 F.2d 1079, 1082 (9th Cir.1991), quoted in Fine, 946 F.2d at 652.
 
 
 5
 Here, Padilla was charged with one count of conspiracy to distribute heroin, three counts of distribution of heroin, and one count of possession of heroin. Pursuant to a plea agreement, Padilla pleaded guilty to the possession count and, in turn, the conspiracy and distribution counts were dismissed. The district court, following the presentence report's ("PSR") recommendation, aggregated the amount of drugs involved in the overall scheme to calculate Padilla's base offense level.[1]
 
 
 6
 Padilla argues that he was deprived of the benefit of his plea bargain when the district court relied on the drug amounts involved in the dismissed charges to enhance his base offense level. We agree. The district court improperly considered conduct in the dismissed counts, in particular, that conduct linked to the conspiracy count, to enhance Padilla's sentence. See Fine, 946 F.2d at 652.
 
 
 7
 We recognize that our decision in Fine will be revisited en banc. Nevertheless, we vacate Padilla's sentence and remand to the district court for resentencing.
 
 
 8
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The count to which Padilla pleaded guilty involved 10 grams of heroin, whereas the entire amount of drugs seized involving all of Padilla's codefendants was 776.76 grams of heroin