967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lloyd LOGSDON, Defendant-Appellant.
 No. 91-30287.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 9, 1992.
As Amended on Denial of Rehearing
July 22, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * In light of our recent decision in United States v. Mason, No. 89-30156, slip op. 4403 (April 23, 1992), we find no error in the district court's consideration of Logsdon's conduct outside Washington.
 
 
 3
 Although the bounds of Logsdon's agreement regarding the Rule 11 hearing are unclear, we give him the benefit of the doubt by construing it as a fact stipulation. We assume that the government agreed to limit its recitation of the facts to Logsdon's conduct in Washington. Even so, we find no error in the court's decision to look beyond this incomplete description of Logsdon's crime.
 
 
 4
 In Mason we considered an analogous situation. Mason agreed to plead guilty to conspiring to distribute cocaine. Id. at 4406. He and the prosecutor stipulated that the amount of cocaine involved was less than five grams. The presentence report contradicted the stipulation, however, finding that Mason had distributed more than five grams. This bumped him to a higher sentencing range.
 
 
 5
 At sentencing, the court rejected the stipulation and instead relied on the presentence report. It sentenced Mason using the higher range. Mason, like Logsdon, complained that he did not receive the full benefit of his plea bargain, but we affirmed.
 
 
 6
 We held that fact stipulations do not bind sentencing courts. Courts may take account of any relevant information, including facts in the presentence report that contradict the parties' stipulation. Id. at 4411. A defendant may condition his plea on the court's acceptance of the stipulation, but if he does not, he must accept the possibility that the court will reject the stipulation.
 
 
 7
 Logsdon's agreement with the government falls squarely within this rule. At the Rule 11 hearing, the court ensured that Logsdon knew of the potential sentence and made no promise to abide by any stipulation or to sentence Logsdon in any specific range. Logsdon pleaded guilty to counts one and two, which included his entire scheme, encompassing all three states.
 
 
 8
 United States v. Faulkner, 934 F.2d 190 (9th Cir.), amended and superseded, 952 F.2d 1066 (9th Cir.1991), does not apply because there, unlike here, the court relied on crimes charged but dismissed as part of Faulkner's plea agreement. In contrast, the two counts to which Logsdon pleaded guilty included a complete description of Logsdon's scheme, including his conduct in Louisiana and Texas.
 
 II
 
 9
 We also find no error in the court's reliance on intended as well as actual losses in calculating Logsdon's sentence.
 
 
 10
 He mistakenly relies on United States v. Fine, 946 F.2d 650 (9th Cir.1991). Fine differs from this case, for it involved four separate, distinct schemes. Id. at 651. Fine pleaded guilty to one count in exchange for the dismissal of the other three counts. The district court nevertheless considered the conduct alleged in the schemes described in the dismissed counts. We reversed, finding that this violated the plea agreement. Id. at 652.
 
 
 11
 In contrast, Logsdon pleaded guilty to a single scheme encompassing conduct in three states. Under Sentencing Guidelines § 2F1.1(b), the court may consider actual and intended losses. The presentence report did no more than calculate the loss that would have occurred had Logsdon not been caught.
 
 III
 
 12
 We agree that a court may order restitution for no more than actual losses. Hughey v. United States, 110 S.Ct.1979, 1985-86 (1990). Moreover, "restitution must be limited to the loss attributable to the specific conduct underlying the conviction" even when the offense of conviction involves a conspiracy or scheme. United States v. Sharp, 941 F.2d 811, 815 (9th Cir. 1991). Because the court did just that, we find no error. Logsdon admitted that this was the correct amount at the Rule 11 hearing, and the presentence report confirmed it.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3