981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David BAKKE, Defendant-Appellant.
 No. 90-10130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1992.*
Decided July 23, 1992.
 
 Before CHAMBERS, FARRIS and POOLE, Circuit Judges.
 
 ORDER
 
 1
 The appellee's petition for rehearing is granted. The memorandum disposition filed March 3, 1992 is withdrawn. Appellant's Motion for Bail is denied.
 
 
 2
 MEMORANDUM**
 
 INTRODUCTION
 
 3
 Appellant David Roy Bakke pleaded guilty to one count of making a false statement on a U.S. Postal Service form in violation of 18 U.S.C. § 1001, one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and one count of theft of mail by an employee in violation of 18 U.S.C. § 1709. Bakke alleges that the district court abused its discretion in denying his motion to withdraw his guilty plea. We agree, and now vacate his sentence and conviction and remand to district court for further proceedings.
 
 DISCUSSION
 
 4
 When appellant entered his plea of guilty, he was informed by the court that the maximum term of imprisonment was 20 years, with a $250 fine per count. No mention was made of a term of supervised release. In addition, at the time of the change of plea, a motion was pending before the court to discharge Bakke's court appointed counsel. Communications between Bakke and his attorney had broken down, and Bakke claims that he was under the mistaken impression that he would be pleading guilty to two, rather than three, counts of the indictment. The court imposed a sentence of a term of imprisonment of 57 months and three years of supervised release.
 
 I.
 
 5
 Bakke now appeals, arguing that he should have been permitted to withdraw his guilty plea. Under Fed.R.Crim.P. 32(d), a guilty plea may be withdrawn prior to sentencing "upon a showing by the defendant of any fair and just reason." We review the district court's denial of the motion to withdraw for an abuse of discretion. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987).
 
 
 6
 One of the reasons advanced by appellant in support of his motion to withdraw is that the district court erred under Fed.R.Crim.P. 11(c)(1) by failing to notify him of the possible imposition of a term of supervised release. While this error may have been harmless in the sense that the total sentence imposed was less than possible maximum sentence of which appellant was apprised, it nevertheless provides a "fair and just" reason for allowing appellant to withdraw his plea. See Rios-Ortiz, 830 F.2d at 1070 (reading Rule 32(d) in conjunction with the procedural requirements of Rule 11). It is significant that the district court, in denying appellant's motion to withdraw his plea, expressly based the denial on the adequacy of the change of plea hearing in "ascertaining from the defendant that he understood the nature of the charges against him [and] the possible punishment that could be imposed...."
 
 
 7
 The district court also based its denial of the motion on the mistaken belief that the motion was merely part of "a pattern of the behavior of this defendant to delay these proceedings...." While we are sensitive to the district court's concern that Bakke was manipulating the system, the record does not show such conduct. Contrary to the district court's finding, the record does not show that Bakke waited until the last minute to seek to withdraw his plea; instead, he first notified the court of his desire to withdraw the plea on the same day that it was entered.
 
 
 8
 Because the district court misapprehended appellant's purpose in seeking to withdraw his plea, and was unaware of the error which occurred during the change of plea hearing, we believe the district court improvidently denied the motion to withdraw plea.
 
 
 9
 We are also concerned with Bakke's allegations regarding the effectiveness of representation he received. Appellant made substantial charges regarding his difficulties with his court appointed counsel. In addition, it appears from our review of the record that communication between attorney and client had all but broken down before the change of plea. Despite this, the district court summarily denied the motion to dismiss counsel, again based on a misapprehension of the timing of the motion and the adequacy of the change of plea hearing. Based on the paucity of the factual record in this regard, however, we are unable to conclude in the first instance whether the performance of Bakke's attorney has adequate. Upon remand, we encourage the district court to make findings of fact in this regard. Should the district court conclude that communications had in fact broken down between appellant and his attorney at the time that he entered his guilty plea, this would also constitute a "fair and just" reason for allowing a defendant to withdraw a guilty plea. See Kadwell v. United States, 315 F.2d 667, 669-670 (9th Cir.1963) (reversing denial of motion to withdraw plea based in part on less than full opportunity to consult with counsel). The district court will also be able to review at this time appellant's claims that his plea was involuntary based upon his difficulties with his counsel.
 
 II.
 
 10
 Bakke also appeals his sentence, arguing that his due process rights were violated when not sentenced by the judge who took his plea. He also argues that the sentencing court erred by setting his offense level by considering evidence related to counts of the indictment which were dismissed.
 
 
 11
 Since the sentencing judge did not preside over appellant's trial, we review the decision to impose sentence for an abuse of discretion. United States v. Spinney, 795 F.2d 1410, 1413 (9th Cir.1986). Appellant has alleged no prejudice, nor offered any reason why it was an abuse of discretion for that particular judge to impose sentence. We find no merit to this claim.
 
 
 12
 We agree with appellant, however, that the district court erred in increasing the base offense level on the basis of losses arising from transactions which formed the basis of dropped counts of the indictment. United States v. Fine, 946 F.2d 650 (9th Cir.1991), requires that we vacate appellant's sentence, and remand for resentencing.
 
 
 13
 The denial of appellant's motion to withdraw plea is VACATED and the case is REMANDED for reconsideration of appellant's motion to withdraw his plea. Appellant's sentence is also VACATED. Should the district court conclude upon reconsideration that appellant should still not be permitted to withdraw his plea, then appellant should be resentenced in accordance with this opinion.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3