978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth L. WILKINS, Defendant-Appellant.
 No. 91-10325.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth L. Wilkins appeals his conviction, following entry of his guilty plea, for use of both a firearm and communication facility during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 21 U.S.C. § 843(b). He also appeals his sentence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Pursuant to Anders v. California, 368 U.S. 738 (1967), Wilkins' counsel filed a brief which identified no issues for review. Wilkins' supplemental brief identified three possible issues for review: (1) whether the district court erred by allegedly failing to establish a factual basis for his guilty plea pursuant to Fed.R.Crim.P. 11(f); (2) whether the district court erred by relying on counts dismissed pursuant to a plea agreement in calculating his sentence; and (3) whether he was denied effective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we grant counsel's request to withdraw and affirm the district court judgment.[1]
 
 I. Guilty Plea
 
 3
 Wilkins contends that his guilty plea was not knowing and voluntary because the district allegedly failed to establish a factual basis for it. We decline to address this contention because Wilkins never moved to withdraw his guilty plea below.
 
 
 4
 Generally, we decline to consider issues raised for the first time on appeal. United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.) (declining to consider defendant's argument that district court failed to establish factual basis for guilty plea for first time on appeal), cert. denied, 484 U.S. 832 (1987); see also United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (declining to consider an issue raised for first time on appeal). Accordingly, Wilkins is precluded from raising this issue on appeal.
 
 II. Dismissed Counts of Plea Agreement
 
 5
 We review de novo the legality of a sentence. United States v. Turner, 898 F.2d 705, 708 (9th Cir.), cert. denied, 495 U.S. 962 (1990).
 
 
 6
 Wilkins, relying on United States v. Fine, 946 F.2d 650 (9th Cir.1991) (holding that district court cannot rely on relevant conduct in dismissed counts of plea agreement when calculating a defendant's offense level), contends that the district court erred by treating the amount of drugs in the dismissed counts as relevant conduct for sentencing purposes.
 
 
 7
 Nevertheless, we recently re-considered and overruled our prior decision in Fine, and held that the district court may rely on relevant conduct in dismissed counts to determine the proper offense level. See United States v. Fine, No. 90-50280, slip op. 11067, 11080-81 (9th Cir. September 14, 1992) (en banc).
 
 
 8
 Here, Wilkins was indicted for conspiracy (Count I), three counts of possession with intent to distribute cocaine (Counts II-IV), and use of a firearm during a drug trafficking crime (Count V). Additionally, Wilkins was charged in a single-count superseding information with use of a communication facility during a drug trafficking crime. Pursuant to an oral plea agreement, Wilkins pled guilty to the single-count information, which carries a statutory maximum of 48 months, and Count V of the indictment, which carries a mandatory 60-month consecutive sentence. In exchange, the government agreed to dismiss Counts I-IV. The parties further agreed that U.S.S.G. § 2D1.1 would be used to determine the applicable sentencing range for the single count.[2]
 
 
 9
 Based on the parties' express agreement and U.S.S.G. § 1B1.3, Wilkins' possession of 38.7 grams of cocaine corresponded to a base offense level of 30. See U.S.S.G. § 2D1.1. His criminal history category was II, and the applicable sentencing range was 108 to 135 months imprisonment. See U.S.S.G. § 5A. Because the statutory maximum for the single-count information was less than the Guidelines range, the district sentenced Wilkins to 48 months on the information with a consecutive 60-month term for Count V of the indictment.
 
 
 10
 In light our recent decision, the district court did not err by considering the relevant conduct in the dismissed counts of the plea agreement. See United States v. Fine, No. 90-50280, slip op. at 11080-81.
 
 III. Ineffective Assistance of Counsel
 
 11
 Wilkins appears to contend that he received ineffective assistance of counsel because: (1) he entered a guilty plea before the district court ruled on his motion to suppress the evidence; (2) counsel failed to research the applicable law in relation to the facts of his case; (3) counsel failed to research the applicability of the Guidelines; and (4) counsel failed to object to mistakes in the presentence report.
 
 
 12
 Generally, we will not review challenges regarding ineffective assistance of counsel on direct appeal. United States v. Daly, No. 91-50242, slip op. 10975, 10981-82 (9th Cir. September 11, 1992); United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991). Such claims are addressed more appropriately in habeas corpus proceedings where the record may be developed to show what counsel did and any resulting prejudice. Daly, No. 91-50242, slip op. at 10982; Simas, 937 F.2d at 463. Accordingly, we decline to address Wilkins' ineffective assistance of counsel claim in this direct appeal. See Simas, 937 F.2d at 463. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review. We grant counsel's request to withdraw.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Wilkims' "Motion to Strike Brief of Counsel and to Proceed Pro Se." We grant Wilkins' "Motion For Leave to File Appellant's Opening Brief Out of Time."
 
 
 [2]
 Use of a communication facility in committing a drug offense is covered by U.S.S.G. § 2D1.6, which incorporates the base offense level applicable to the underlying drug offense