980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony LeVaughn JONES, Defendant-Appellant.
 No. 92-50173.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 13, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony LeVaughn Jones pled guilty to robbery of a savings and loan, in violation of 18 U.S.C. § 2113(a). Jones has been resentenced twice: most recently his sentence was reduced from thirty-seven to thirty months after this court found impermissible the district court's upward departure from the Sentencing Guidelines based upon conduct in uncharged counts. See United States v. Jones, No. 89-50594, unpublished opinion (9th Cir.Dec. 2, 1991).[1] This resentencing took place after Jones was released from custody on his thirty-seven month sentence. The sole contention that Jones raises on this appeal is that when his sentence was reduced, the district court erred in imposing a term of supervised release which began on the date of Jones' actual release from custody rather than on the date he would have been released under the revised thirty-month sentence. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Despite the fact that Jones has been released from custody, this case is not moot because of the remaining live issue of the duration of his term of supervised release. See United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991) (en banc).
 
 II
 
 4
 The legality of a sentence is reviewed de novo. See United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). Jones contends that under 18 U.S.C. § 3624(e), his term of supervised release should be deemed to have commenced on the date he would have been released under a thirty-month sentence. Section § 3624(e) provides, in part:
 
 
 5
 The term of supervised release commences on the day the person is released from imprisonment.... A term of supervised release does not run during any period in which the person is imprisoned....
 
 
 6
 Under the plain language of this statute, Jones' sentence is proper. Although the first sentence of § 3624(e) quoted above is arguably subject to either the interpretation advanced by Jones or that advanced by the government, the second sentence unambiguously indicates that supervised release is to commence on the date of actual release from imprisonment.
 
 
 7
 Jones also argues that under United States v. Montenegro-Rojo, 908 F.2d 425 (9th Cir.1990), the district court should have shortened his term of supervised release to compensate for the extra time he spent in prison. Id. at 431 n. 8 ("If the district court decides to shorten the extent of its departure, the extra time [defendant] spent in jail should, in fairness, be counted towards the year of supervised release.") Assuming but not deciding that this language in Montenegro-Rojo is binding, it does not affect our decision here, because the district court did shorten Jones' term of supervised release from three years to two years, which is a larger reduction than the amount of extra time Jones spent in prison.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This result was based on our decisions in United States v. Fine, 946 F.2d 650 (9th Cir.1991), and United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1991), where we held that conduct associated with counts dismissed pursuant to a plea bargain could not be used in determining a sentence. Our en banc decision in United States v. Fine, 1992 U.S.App.LEXIS 21174 (9th Cir. Sept. 14, 1992), although not at issue in the instant appeal, overruled the panel decision in Fine and calls into question the applicability of Castro-Cervantes to this case
 
 
 [2]
 Jones is apparently complaining that the district court did not follow his suggestion of eliminating his remaining two and one half years of supervised release as compensation for the extra time served. In fact, the district court reduced Jones' term of supervised release below the three year minimum for his offense specified in the Sentencing Guidelines. See U.S.S.G. § 5D1.2(b)(1). The propriety of this departure is not challenged on this appeal