988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe Jose SOTO, Defendant-Appellant.
 No. 92-55724.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided March 10, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-92-1641-R; Manuel L. Real, Chief Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before SCHROEDER, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On February 4, 1989, a six-count indictment was filed against Soto, charging him with possession of heroin with the intent to distribute and the distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The first two counts involve the alleged possession and distribution of 25.19 grams of heroin; the third and fourth counts involve 100.7 grams of heroin; and the last two counts involve 250.8 grams of heroin.
 
 
 3
 On March 30, 1989, Soto pleaded guilty to count two of the indictment, distribution of 25.9 grams of heroin. Pursuant to the plea agreement, the government moved to dismiss the other counts. At his sentencing, on June 12, 1989, the district court dismissed the remaining five counts against Soto.
 
 
 4
 In calculating Soto's sentence, the district court considered the aggregate amount of heroin charged in the indictment, including the dismissed counts, as relevant conduct under U.S.S.G. § 1B1.3(a)(2). Soto's adjusted offense level, based on 376.69 grams of heroin, was 24. His criminal history category was I. Thus, the applicable Guidelines range was fifty-one to sixty-three months. The district court sentenced Soto to fifty-one months.
 
 
 5
 On direct appeal, Soto argued that the district court erred by basing his offense level on the statements in the indictment about all the heroin he allegedly distributed, rather than the amount to which he pleaded guilty. However, citing United States v. Turner, 898 F.2d 705, 711 (9th Cir.), cert. denied, 110 S.Ct. 2574 (1990) and United States v. Restrepo, 903 F.2d 648, 651 (9th Cir.1990),[1] this court affirmed Soto's sentence. United States v. Soto, No. 89-50314 (9th Cir. Aug. 7, 1990). Because the district court found that Soto was involved in a course of conduct involving the distribution of both the heroin to which he pleaded guilty and the heroin for which the counts of distribution were dismissed, we concluded that there was no error in basing the offense level on the aggregate amount of heroin distributed.
 
 
 6
 On March 17, 1992, Soto filed a section 2255 motion to correct an illegal sentence. That motion was denied by the district court without oral argument on May 1, 1992. Soto filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 2253 and 2255. We affirm.
 
 
 7
 Soto contends that it was impermissible for the district court to take into consideration offense conduct alleged in counts which were dismissed pursuant to his plea agreement because it deprived him of the benefit of his bargain. As support, he relies on a case decided subsequently to his direct appeal, United States v. Fine, 946 F.2d 650, 651-52 (9th Cir.1991). However, the portion of the Fine opinion upon which Soto relies has been withdrawn. See United States v. Fine, No. 90-50280 (9th Cir. Sept. 14, 1992) (en banc). The court, sitting en banc, affirmed the district court's reliance on Turner in Fine. Id. at 11070. Thus, "acts which are not included in the counts of conviction may be relevant conduct if the acts are part of a common plan or scheme or the same course of conduct." Id. at 11075.
 
 
 8
 Quantities of drugs in dismissed counts are properly aggregated with counts of conviction, as relevant conduct to determine the offense level, even though the counts were dismissed pursuant to a plea agreement. Id. at 11078 (citing Turner, 898 F.2d at 711). Here, the district court found that Soto engaged in a course of conduct involving a series of narcotics transactions. Soto does not challenge that finding. Accordingly, the court did not err in considering the aggregate amount of heroin.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Op. withdrawn, in part, replaced, in part, on reh'g, in part, en banc, 946 F.2d 654 (9th Cir.1991)