67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Martin HERNANDEZ, Defendant-Appellant.
 No. 94-50256.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1995.*
Decided Oct. 4, 1995.
 
 1
 Before: BROWNING and PREGERSON, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 I. Leader or Organizer of Criminal Scheme
 
 3
 To support an enhancement under Sec. 3B1.1, the evidence must show the defendant exercised "some degree of control or organizational authority over others" involved in the crime. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990). Sec. 3B1.1 enhancement, or resentence the defendant without applying the enhancement.
 
 II. Obstruction of Justice
 
 4
 Failure to include the $15,000 investment in the list of assets derived from Hernandez's illegal activities was a material omission. False or omitted information is material if it "would tend to influence or affect the issue under determination." U.S. Sentencing Guidelines Sec. 3C1.1, app. n. 5. At a minimum, listing the investment would have aided in the identification of an asset subject to forfeiture.
 
 
 5
 United States v. Rodriguez, 929 F.2d 1224, 1229 (7th Cir.1991), does not hold that lies are immaterial if they serve no purpose for the defendant, but only that it was not clear error for the district court to conclude the defendant's misstatements were intentional since all of them bolstered defendant's defense or exonerated his brother.
 
 
 6
 Hernandez's omission was not immaterial simply because the government learned of the investment within two weeks of submission of the list, and Hernandez acknowledged the omission as soon as it was brought to his attention. "Attempted obstruction is material even though the lie can be and is detected." United States v. Donine, 985 F.2d 463, 465 (9th Cir.1993); see also United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994) (false statements need only have potential to mislead or impede the machinery of justice). Here, as in United States v. Fine, 946 F.2d 650, 652 (9th Cir.1991), aff'd on reh'g in pertinent part, A Sec. 3B1.1 enhancement cannot be justified simply by applying a "but-for" test--a defendant is not subject to the enhancement simply because "the crime could not have been completed but for [the defendant's] knowledge and participation." United States v. Harper, 33 F.3d 1143, 1151 (9th Cir.1994); see also United States v. Litchfield, 959 F.2d 1514, 1523 (10th Cir.1992) ("Section 3B1.1(a) is an enhancement for organizers or leaders, not for important or essential figures.").
 
 
 7
 In applying the enhancement in this case, the district court expressly relied on the "but-for" test, stating
 
 
 8
 [T]here could have been no crime without defendant Daniel Hernandez, because he was the one working at PGP. Thus, he must have been the "organizer" and "leader" of the scheme pursuant to Sec. 3B1.1(c). This point is driven home by defendant's own statement that "Mrs. Hernandez was not aware that her actions were illegal." Thus, the ringleader in this crime was defendant Daniel Hernandez.
 
 
 9
 The court's cryptic statement did not provide sufficient justification for applying the leadership enhancement to Hernandez. Assuming there was sufficient evidence in the record to support the necessary finding that Hernandez exercised authority or control over Mrs. Hernandez or others, no such finding was made. "Although evidence may exist to support an inference that [the defendant] occupied a leadership role in this conspiracy, the sentencing judge did not mention it when imposing sentence." The sentence therefore must be vacated. Harper, 33 F.3d at 1151. Upon remand and resentencing, the district court shall either state with specificity the reasons for imposing the 975 F.2d 596 (9th Cir.1992), the defendant retracted his false statement only after he was confronted with it, and, as in Fine, his acknowledgment of his omission does not undercut the finding of materiality.
 
 
 10
 United States v. Cusumano, 943 F.2d 305 (3d Cir.1991), does not support the proposition that the omission was immaterial because the value of the investment was small compared to the loss from the defendant's fraud. Cusumano did not base its conclusion that the false representation was material on the value of the stock, but upon whether the misrepresentation tended to influence the issue under determination. See id. at 316. Under that test, Hernandez's omission was material.
 
 
 11
 AFFIRMED IN PART, VACATED and REMANDED IN PART.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Jack E. Tanner, Senior Judge, United States District Court for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3