**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert BRESSETTE, aka Beaux Jangles,
Defendant–Appellant.**

No. 90–50621.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1991.

Decided Oct. 24, 1991.

Mitchell A. Robinson and Kay L. Sunday, San Diego, Cal., for defendant-appellant.

Patrick K. O'Toole, Asst U.S. Atty., argued; and Rogert W. Haines, Jr., Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before BEEZER, HALL and WIGGINS, Circuit Judges.

OPINION *

BEEZER, Circuit Judge:

Robert Bressette was convicted of possession of, and conspiracy to possess, methamphetamine with intent to distribute, in

---

* An appeal by Robert Bressette from his conviction in the district court is the subject of a separate memorandum disposition.

violation of 21 U.S.C. § 841(a)(1). He was sentenced to 135 months in prison. He appeals his sentence on the ground that it was based on an improperly calculated offense level. We affirm.

Bressette was found to have possessed at least 258.7 grams of seventy-three percent pure methamphetamine. Possession of that quantity of a mixture of methamphetamine subjects the offender to an offense level of 26. *See* United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c)(9). A footnote to section 2D1.1(c), added to the Guidelines by the 1989 amendments, requires the offense level to be based on the entire weight of any mixture in which a controlled substance is found. *See id.* § 2D1.1(c) n. *.[1] However, the footnote treats methamphetamine differently: "In the case of a mixture or substance containing PCP or methamphetamine, use the offense level determined by the entire weight of the mixture or substance or the offense level determined by the weight of the pure PCP or methamphetamine, whichever is greater." *See id.*

Relying on this requirement, the presentence report calculated the amount of pure methamphetamine to be 188.8 grams, which placed Bressette's offense level at 32. *See id.* § 2D1.1(c)(6). The district court accepted this calculation and sentenced Bressette accordingly.

Bressette argues that the footnote to section 2D1.1(c) is "contrary to the purported purpose of the 1989 amendments to the guidelines and furthermore, [that] the sentencing commission's amendment [is] inconsistent with its own policy." Bressette would therefore have us ignore the footnote and determine his sentence by the weight of the mixture, rather than by the amount of pure methamphetamine contained in the mixture. His argument, however, gives us no reason to do so. The footnote is perfectly clear and consistent on its face and to interpret it we need not go

beyond the words themselves. *See Saratoga Savings & Loan v. Federal Home Loan Bank*, 879 F.2d 689, 693 (9th Cir.1989) ("Given the unambiguous nature of the statute, recourse to legislative history is unnecessary.").

The sentence is AFFIRMED.

---

1. The footnote provides:
   Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance. If a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level. U.S.S.G. § 2D1.1(c) n. *.