959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Henry VANDER, Defendant-Appellant.
 No. 91-50024.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Henry Vander appeals the 123-month sentence imposed under the United States Sentencing Guidelines following his guilty plea to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred in (1) setting his based offense level by using a converted pure amount of methamphetamine and (2) computing his criminal history score. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.
 
 
 3
 The district court set Vander's base offense level at 28 on the basis that he possessed 98.084 grams of methamphetamine at between 23% and 67% purity, which converted to 65.580 grams at 100% purity. Vander contends that his base offense level was 24 rather than 28 because the Sentencing Guidelines did not authorize the district court to convert the amount of impure methamphetamine to a pure amount. This contention lacks merit.
 
 
 4
 The Guidelines provide for a base offense level of 28 for an offense that involves "[a]t least 400 G but less than 700 G of Methamphetamine, or at least 40 G but less than 70 G of Pure Methamphetamine." U.S.S.G. § 2D1.1(c)(8). They provide for a base offense level of 24 for an offense that involves "[a]t least 80 G but less than 100 G of Methamphetamine, or at least 8 G but less than 10 G of Pure Methamphetamine." U.S.S.G. § 2D1.1(c)(10). A footnote to section 2D1.1(c) provides that: "[i]n the case of a mixture or substance containing PCP or methamphetamine, use the offense level determined by the entire weight of the mixture or substance or the offense level determined by the weight of the pure PCP or methamphetamine, whichever is greater." U.S.S.G. § 2D1.1(c) n. *. Vander contends that this provision is modified by the preceding sentence in the footnote and therefore does not apply to impure methamphetamine mixtures that do not contain other controlled substances.[1]
 
 
 5
 The provision governing methamphetamine "is perfectly clear and consistent on its face and to interpret it we need not go beyond the words themselves." United States v. Vander, 947 F.2d 1361, 1362 (9th Cir.1991) (holding that provision should not be ignored as contrary to the purpose of the 1989 amendments to the Guidelines); see United States v. Alfeche, 942 F.2d 697, 699 (9th Cir.1991) (per curiam) (comparing provision to 21 U.S.C. § 841(b)(1)(B)(viii)). Accordingly, the district properly set Vander's base offense level at 28. See Bressette, 947 F.2d at 1362.
 
 
 6
 Vander next contends that he should have received 3 rather than 6 criminal history points for prior convictions for delivery of cocaine and theft. He contends that because he received concurrent sentences for the prior convictions, they are related within the meaning of the Guidelines. This contention has merit.
 
 
 7
 The district court must treat prior convictions in related cases as one conviction. U.S.S.G. § 4A1.2(a)(2). "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 comment. n. 3; United States v. Fine, 946 F.2d 650, 653 (9th Cir.1991). Cases are consolidated for sentencing if concurrent sentences are imposed at a single hearing. Id. at 653-54.
 
 
 8
 Here, Vander committed the theft on October 5, 1977, and delivered the cocaine on November 9, 1977, but was not arrested until January 1979. On June 18, 1979, in Texas state court, Vander pleaded no contest to the two charges. He was sentenced to a 5-year term of imprisonment for the cocaine delivery and a concurrent 2- to 5-year term for the theft. Because concurrent sentences were imposed at a single hearing, the prior convictions were related. See Fine, 946 F.2d at 653-54. Accordingly, the district court erred by imposing three criminal history points for each conviction. We therefore vacate the sentence and remand for resentencing.
 
 
 9
 Vander next contends that the district court erred by imposing one criminal history point for two misdemeanor violations of county ordinances governing noise abatement and fire safety because the sentences included three years of only summary probation.
 
 
 10
 Local ordinance violations are not counted in the criminal history score unless "the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days." U.S.S.G. § 4A1.2(c)(1). The Guidelines make no distinction among types of probation. United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990) (assessing criminal history points under U.S.S.G. § 4A1.1(d) where sentence for prior conviction was summary probation), cert. denied, 111 S.Ct. 1626 (1991). Accordingly, Vander's contention lacks merit.
 
 
 11
 Finally, Vander contends that the district court erred by imposing one criminal history point for a traffic offense. Because he pleaded guilty to contempt of court in addition to the moving violation, and was sentenced to one year summary probation, this contention also lacks merit. See U.S.S.G. § 4A1.2(c)(1).
 
 
 12
 On September 26, 1991, Vander filed a motion for late filing of the opening brief, which was due on March 27, 1991. In the motion, Vander's attorney stated that he had not received the briefing schedule. Accordingly, we do not sanction counsel.
 
 
 13
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The preceding two sentences in the footnote provides as follows: "Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance. If a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level." U.S.S.G. § 2D1.1(c) n. *