963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sam QUIROZ, Jr., Defendant-Appellant.
 No. 91-10289.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1992.*
Decided May 22, 1992.
 
 Before BOOCHEVER, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Quiroz was convicted of distribution and aiding and abetting the distribution of phencyclindine (PCP). He appeals his sentence of 156 months imprisonment contending that the court erred in basing the term on the net pure percentage of PCP in the seized drugs rather than on the total weight of the mixture.
 
 
 3
 Quiroz sold and attempted to sell PCP which weighed a total of approximately 76 grams, and was 71 to 82% pure (the rest was manitrol). It thus contained approximately 59 grams of pure PCP. Classified as a "mixture", the 76-gram total was below the 100-gram threshold for "mixtures" carrying a 10-year minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iv) (1988)[1], and the base offense level under the Guidelines would have been 22. The district court, however, based the sentence on the net pure PCP contained in the mixture (59 grams), which was above the 10-gram threshold for "pure" PCP set forth in the statute, thereby requiring a 10-year minimum sentence. The resulting base offense level under the Sentencing Guidelines was 28. U.S.S.G. § 2D1.1(c) (drug quantity table (8)).
 
 
 4
 Quiroz argues that it was improper to convert a "mixture" to a "pure" substance because the statute evinces an intent to treat pure PCP and mixtures of PCP differently in terms of severity of sentence. The Sentencing Guidelines, however, as well as Ninth Circuit precedent require that we affirm the district court. A footnote to the drug quantity table states: "In the case of a mixture or substance containing PCP or methamphetamine, use the offense level determined by the entire weight of the mixture or substance or the offense level determined by the weight of the pure PCP or methamphetamine, whichever is greater." U.S.S.G. § 2D1.1(c) (Nov. 1990) (footote at 2.47) (emphasis added). Here, the district court chose the greater offense level in accord with this note, based on the weight of the pure PCP. Moreover, the commentary supports the district court's reading of this section, noting that "in the case of PCP ... the guideline itself provides for the consideration of purity (see the footnote to the Drug Quantity Table)", U.S.S.G. § 2D1.1, comment. (n. 9) and thus purity does not provide grounds for departure as for other drugs. In other words allowing calculation of net pure weight results in a highly accurate offense level.
 
 
 5
 In United States v. Alfeche, 942 F.2d 697 (9th Cir.1991) (per curiam), we approved a sentence based on calculating the net amount of pure methamphetamine (treated the same as PCP under the statute and guidelines) in the substances seized, citing the footnote to the Drug Quantity Table. The difference in Alfeche is that the substances seized were from 97% to 100% pure methamphetamine. The court noted that following a "whichever is greater" approach was preferable to deciding in each case how "pure" the mixture has to be in order to apply the "pure" threshold amount. Id. at 699. See also, United States v. Bressette, 947 F.2d 1361, 1362 (9th Cir.1991) (applying similar approach in a methamphetamine case and observing that "[t]he [Guidelines] footnote is perfectly clear and consistent on its face and to interpret it we need not go beyond the words themselves.").
 
 
 6
 Accordingly, we AFFIRM Quiroz's sentence.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 21 U.S.C. § 841(b)(1)(B)(iv) requires a 10-year minimum sentence for defendants, such as Quiroz, who have been convicted previously for one or more felony drug offense