995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dean MOYER, Defendant-Appellant.
 No. 91-50634.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 MEMORANDUM**
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 Dean Moyer appeals his 121-month sentence imposed following entry of a guilty plea to manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). Moyer contends that the law-enforcement officers' preservation of only a small sample of the seized mixture, rather than the entire mixture, prejudiced his ability to prove a lower purity of methamphetamine in the mixture. Moyer also contends that the district court erred by sentencing him for manufacturing pure methamphetamine when the indictment only charged him with manufacturing a mixture containing methamphetamine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 * Destruction of Evidence
 
 
 3
 Moyer contends that his due process rights were violated by the government's failure to preserve the entire 450 grams of the methamphetamine mixture. This argument lacks merit.
 
 
 4
 We review de novo the district court's determination that the government's failure to preserve potentially exculpatory evidence violated due process. United States v. Cooper, 983 F.2d 928, 931 (9th Cir.1993).
 
 
 5
 To constitute a due process violation, the destroyed evidence must have an exculpatory value that was apparent before it was destroyed and be " 'of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.' " Id. (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)); see also United States v. Lillard, 929 F.2d 500, 504 (9th Cir.1991). In addition, the defendant must demonstrate that the law-enforcement officers acted in bad faith in failing to preserve the evidence. Cooper, 983 F.2d at 931 (citing Arizona v. Youngblood, 488 U.S. 51, 58 (1988)). Bad faith exists where the law-enforcement officers indicate by their conduct that the evidence could form a basis for exonerating the defendant. United States v. Heffington, 952 F.2d 275, 281 (9th Cir.1991). Acting under department rules should be regarded as an indication that the destruction of evidence was not done in bad faith. Id.
 
 
 6
 Here, the seized mixture containing methamphetamine was destroyed after samples were collected pursuant to a Drug Enforcement Administration (DEA) policy that all chemicals and contaminated glasswares associated with any clandestine laboratory be properly disposed of by the special agent in charge. Romulo Reyes, a DEA forensic chemist, testified that he assisted in the raid of Moyer's methamphetamine laboratory and took the sample from the methamphetamine mixture contained in a funnel. Reyes stated that he took two one-ounce samples from the mixture in the funnel by using a pipette and turned over the remainder for disposal to the special agent in accordance with the DEA policy. Reyes further testified that he noticed no layering of the contents in the funnel.
 
 
 7
 Moyer presented a declaration from Dr. Richard J. Schlesinger, President of Bio-Technics Laboratories in Los Angeles and a doctorate in biochemistry and pharmacology, which suggested that a small sample taken from the methamphetamine mixture would not be representative of the entire mixture and its purity. Schlesinger declared that based upon his education, training, experience, and review of the chemicals involved in the instant case, he believed that a higher concentration of methamphetamine would be found in the layer of material containing the organic solvent and that a professional chemist would likely see this separation and know from where the higher concentration of material containing methamphetamine could be extracted. Finding Reyes' testimony that the mixture had only one layer credible and no evidence of bad faith on the government's part, the district court determined that no due process violation occurred in the destruction of the mixture and that the one-ounce samples constituted proper secondary evidence.
 
 
 8
 We agree that Moyer has not made a showing of a due process violation. The disposal of the evidence was undertaken in accordance with DEA policy. See Heffington, 952 F.2d at 281. Further, Moyer was allowed to present evidence to challenge the representativeness of the samples and to cross-examine Reyes concerning his analysis and collection of the samples. See Lillard, 929 F.2d at 504 (no prejudice shown where chemicals destroyed before government and defendant were able to weigh them if defendant had opportunity to refute the estimated capacity of the laboratory and to cross-examine government witnesses). Finally, the government's conduct does not indicate that it recognized the exculpatory value of the entire mixture and then proceeded to destroy it. See Heffington, 952 F.2d at 281.
 
 II
 Sentence Based on Pure Methamphetamine
 
 9
 Moyer contends that the district court erred by sentencing him for manufacturing 335.5 grams of pure methamphetamine when the indictment only charged him with manufacturing 450 grams of a mixture containing methamphetamine. This arguments also lacks merit.
 
 
 10
 We review de novo the legality of a sentence. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 
 11
 21 U.S.C. § 841(a) prohibits the manufacture of "a controlled substance." Quantity and drug-type is relevant only for purposes of imposing sentence under section 841(b). See 21 U.S.C. § 841(b); cf. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991) (drug quantity is not an element of the substantive offense but relevant only for imposing sentence), cert. denied, 112 S.Ct. 1186 (1992). We have repeatedly held that the district court may impose sentence based upon the amount of pure methamphetamine extracted from a methamphetamine mixture. United States v. Ascunion, 973 F.2d 769, 773 (9th Cir.1992) (section 841 allows pure methamphetamine to be extracted from methamphetamine mixture for purposes of sentencing); United States v. Bressette, 947 F.2d 1361, 1362 (9th Cir.1991) (proper to determine Sentencing Guidelines offense level based upon amount of pure methamphetamine in mixture rather than quantity of mixture where resulting offense level is higher); United States v. Alfeche, 942 F.2d 697, 698-699 (9th Cir.1991) (per curiam) (proper to sentence under 10-year mandatory minimum based upon amount of pure methamphetamine, rather than 5-year mandatory minimum based upon amount of methamphetamine mixture).
 
 
 12
 At the change of plea hearing, both the government and the district court notified Moyer that although the indictment referred to the manufacture of 450 grams of methamphetamine mixture which has a 5-year mandatory minimum, he could be subject to a 10-year mandatory minimum based upon the amount of pure methamphetamine involved.
 
 
 13
 The district court properly sentenced Moyer for the manufacture of pure methamphetamine. See Ascunion, 973 F.2d at 773; Bressette, 947 F.2d at 1362; Alfeche, 942 F.2d at 698-99. Further, because the district court and government advised Moyer of the amount of pure methamphetamine seized, Moyer had adequate notice that he might be subject to a penalty beyond that implied by the face of the indictment. See, e.g., Morrison v. Estelle, 981 F.2d 425, 427 (9th Cir.1992) (constitutionally adequate notice may be provided to a defendant by means other than the charging document), cert. denied, 61 U.S.L.W. 3772 (U.S. May 17, 1993). Accordingly, the district court did not err by determining that the mandatory minimum sentence was 10 years' imprisonment. See 21 U.S.C. § 841(b)(1)(A).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3