8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodrigo ARADANAS, Defendant-Appellant.
 No. 91-10578.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 7, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodrigo Aradanas appeals his 84-month sentence imposed following entry of his guilty plea for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Aradanas contends that the district court erred by (1) calculating his offense level based upon the amount of pure methamphetamine rather than the amount of the mixture containing methamphetamine, and (2) not articulating a statutorily-prescribed method in its calculation of the purity of the methamphetamine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines and for clear error the district court's factual findings made during the course of applying the Guidelines. United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990).
 
 
 4
 The Sentencing Guidelines direct that in the case of a mixture containing methamphetamine, the district court should "use the offense level determined by the weight of the mixture ... or the offense level determined by the weight of the pure ... methamphetamine, whichever is greater." U.S.S.G. § 2D1.1(c), Drug Quantity Table (n. *). We have repeatedly held that the district court may impose sentence based upon the amount of pure methamphetamine extracted from a methamphetamine mixture. United States v. Bressette, 947 F.2d 1361, 1362 (9th Cir.1991) (proper to determine Sentencing Guidelines offense level based upon amount of pure methamphetamine in mixture rather than quantity of mixture where resulting offense level is higher); see also, United States v. Ascunion, 973 F.2d 769, 773 (9th Cir.1992) (21 U.S.C. § 841 allows pure methamphetamine to be extracted from methamphetamine mixture for purposes of sentencing). A defendant waives the right to challenge any factual statement in the Presentence Report (PSR) by failing to object and raise the issue before the district court. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990).
 
 
 5
 Here, the PSR indicated that the 85 grams of the methamphetamine mixture had a purity of 97%, resulting in 82.4 grams of pure methamphetamine. Aradanas conceded at sentencing that the amount of methamphetamine mixture and its purity was properly calculated. The district court determined that Aradanas' adjusted offense level was 28 based upon the 82.4 grams of pure methamphetamine and a two-level adjustment for acceptance of responsibility.
 
 
 6
 We find no error. By sentencing Aradanas for the amount of pure methamphetamine rather than the amount of methamphetamine mixture, the district court simply followed the dictates of the Guidelines and the law in this circuit. See U.S.S.G. § 2D1.1(c), Drug Quantity Table (n. *); Bressette, 947 F.2d at 1362. In regard to the district court's method in determining the amount of pure methamphetamine seized, we note that Aradanas waived the issue by failing to object to the PSR's calculation. See Visman, 919 F.2d at 1394; see also Bressette, 947 F.2d at 1362 (district court need not articulate specific method in calculating purity but can simply adopt findings in PSR).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3