42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kim Annon BISHOP, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elio Manuel AZEVEDO, Defendant-Appellant.
 Nos. 93-10529, 93-10554.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1994.*
Decided Dec. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-92-05241-EDP; Edward D. Price, District Judge, Presiding.
 E.D.Cal.
 APPEAL DISMISSED.
 Before: FARRIS, BOOCHEVER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bishop appeals his sentence for possession of methamphetamine with intent to distribute and a separate count of conspiring to distribute methamphetamine. Azevedo challenges his sentence on the ground that he suffered ineffective assistance of counsel at his sentencing on similar charges. We have jurisdiction under 28 U.S.C. Sec. 1291. We dismiss Azevedo's appeal and affirm Bishop's sentence.
 
 
 3
 * Azevedo's sole contention on appeal is that he was denied effective assistance of counsel at his sentencing. We decline to reach the merits.
 
 
 4
 Ineffective assistance of counsel claims are not ordinarily reviewed on direct appeal. See, e.g., United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991); United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991); United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991). Instead, such claims are more appropriately raised in habeas corpus proceedings. Id. We have recognized an exception to this general principal, however, where "the record is sufficiently developed to permit the reviewing court to resolve the issue, or when assistance is so inadequate that it obviously interferes with a defendant's Sixth Amendment right to counsel." United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (citations omitted).
 
 
 5
 Azevedo argues that, because attorney Richardson was not involved with the prior proceedings, his representation at the sentencing was ineffective. According to Azevedo, "there is no indication that [Richardson] had reviewed the presentence report or was prepared to address the extent to which [he] had fulfilled the [plea] agreement and was entitled to [a] reduction in the applicable guidelines." Azevedo does not, however, include any citations to the record indicating that Richardson had not read the presentence report or was otherwise unprepared.
 
 
 6
 To prevail on an ineffective assistance of counsel claim, the defendant must demonstrate specific errors that actually impacted the outcome of the challenged proceeding. Strickland v. Washington, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); Laughlin, 933 F.2d at 789. As the government correctly points out, the district court sentenced Azevedo to the bottom end of the guideline range as the prosecutor recommended. Moreover, Azevedo does not discuss, nor does the record reveal, any cooperation with the government that would warrant a 5K1.1 downward adjustment. It appears that Azevedo received the full benefit of the plea agreement, despite attorney Homola's absence.
 
 
 7
 Applying the Strickland test, Azevedo fails to show any errors by Richardson that resulted in a higher sentence than he would have received otherwise. Homola already had filed objections to the presentence report, but those objections were voluntarily withdrawn. Further, the district court had previously denied Azevedo's 5K1.1 motion. Nothing in the record suggests that any other grounds existed for a downward departure from the applicable guidelines range. Azevedo therefore has not demonstrated that attorney Richardson provided "assistance so inadequate that it obviously interfere[d] with [Azevedo's] Sixth Amendment right to counsel." Daly, 974 F.2d at 1218.
 
 
 8
 The record sheds no light on whether attorney Richardson read the presentence report and was otherwise prepared to represent Azevedo at his sentencing. Because there is an insufficient basis upon which to evaluate Azevedo's ineffective assistance of counsel claim, the "sufficiently developed record" exception to the general rule against direct review of ineffective assistance claims does not apply. Daly, 974 F.2d at 1218. We therefore decline to consider the merits of Azevedo's appeal. His claim is more appropriately addressed in collateral proceedings under 28 U.S.C. Sec. 2255 should a basis exist for such a challenge.
 
 II
 
 9
 Bishop first argues that the district court erred in calculating his sentence based on the quantity of pure methamphetamine extracted from the mixture seized at the time of his arrest. According to Bishop, the district court should have relied upon the quantity of methamphetamine mixture when determining the applicable guidelines range. We reject the argument.
 
 
 10
 A district court's interpretation of the Sentencing Guidelines and the legality of a sentence are reviewed de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992) (Sentencing Guideline interpretations); United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1993) (en banc) (legality of sentence).
 
 
 11
 Bishop argues that the district court misapplied the guidelines because it was "required to sentence the defendant according to the drug quantity tables for a 'mixture' of methamphetamine." This argument ignores the directive contained in the footnote to Sec. 2D1.1(c), which provides that in the case of a mixture containing methamphetamine, the offense level is to be calculated by determining "the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual) or methamphetamine (actual), whichever is greater."
 
 
 12
 Moreover, we rejected an identical argument in United States v. Alfeche, 942 F.2d 697 (9th Cir.1991) (per curiam). There, the defendants were convicted of possessing 121.9 grams of a mixture containing methamphetamine, of which 119.6 grams was pure methamphetamine. The district court sentenced defendants to the 10-year minimum sentence required by 21 U.S.C. Sec. 821(b)(1)(A)(viii) for possession of more than 100 grams of pure methamphetamine. Defendants contended on appeal that, because they had been convicted of possession of a mixture containing methamphetamine, they should have been sentenced to the five-year minimum for offenses involving between 100 and 1000 grams of methamphetamine mixture. See 21 U.S.C. Sec. 841(b)(1)(B)(viii). In rejecting the argument, the court wrote:
 
 
 13
 [w]e find nothing in the language or history of section 841 to suggest Congress intended the absurd results possible under this construction. Under the defendants' proposed interpretation, a person possessing hundreds of grams of methamphetamine would avoid the 10-year minimum sentence if the methamphetamine was mixed with a few grams of something else. There is no indication Congress intended possession of a methamphetamine mixture to be treated so differently than possession of "pure" methamphetamine.
 
 
 14
 Alfeche, 942 F.2d at 698 (citation omitted); see also United States v. Asuncion, 973 F.2d 769 (9th Cir.1992) (following Alfeche ); United States v. Stoner, 927 F.2d 45 (1st Cir.1991) (rejecting similar argument). The Alfeche court also noted that such a construction of Sec. 841 eliminates the need for difficult judicial line-drawing regarding the level of purity required to trigger the pure methamphetamine prong of the statute rather than the mixture prong. Id. at 699. The district court did not err in calculating Bishop's sentence on the basis of the quantity of pure methamphetamine contained within the mixture seized following his arrest.
 
 
 15
 Bishop next contends that the footnote to Sec. 2D1.1(c) violates the congressional intent underlying 21 U.S.C. Sec. 821(a)(1)(A)(viii). Specifically, Bishop argues that the footnote is at odds with the distinction under 21 U.S.C. Sec. 821(a) between pure methamphetamine and mixtures containing methamphetamine.[1] According to Bishop, United States v. Bressette, 947 F.2d 1361 (9th Cir.1991), in which we rejected a challenge to the validity of the footnote, is not dispositive because it did not address the tension between the footnote and Sec. 821(a). Bressette contended that the footnote to Sec. 2D1.1(c) was inconsistent with both the purpose and policy of the Sentencing Guidelines. We rejected the argument, noting that "[t]he footnote is perfectly clear and consistent on its face and to interpret it we need not go beyond the words themselves." Bressette, 947 F.2d at 1362.
 
 
 16
 Bishop's argument is moot. Although Sec. 821(a) distinguishes between pure methamphetamine and mixture insofar as the 10-year mandatory minimum is triggered at a lower quantity of pure methamphetamine, the statutory penalty is the same where, as here, the offense involves more than 1 kilogram of a methamphetamine mixture containing at least 100 grams of pure methamphetamine: 10 years to life. Within this statutorily prescribed range, the Sentencing Commission may, of course, establish any sentencing range not inconsistent with the Sentencing Reform Act. See generally Mistretta v. United States, 488 U.S. 361, 374-77 (1989). If Bishop's offenses had involved less than 1 kilogram of a mixture containing more than 100 grams of pure methamphetamine, his challenge to the validity of the footnote to Sec. 2D1.1(c) and the district court's sentencing calculation would at least be relevant, albeit foreclosed by Alfeche and its progeny. Under these facts, however, Bishop's argument is purely academic, because the penalties under Sec. 821(a) are identical whether his sentence is calculated on the basis of the quantity of mixture seized or on the quantity of pure methamphetamine contained within the mixture. Bishop's challenge to the footnote of U.S.S.G. Sec. 2D1.1(c) is therefore moot.
 
 III
 
 17
 The record is inadequate to determine whether Azevedo's sentencing counsel was ineffective. We therefore decline to address the merits of the issue. The district court properly calculated Bishop's sentence on the basis of the quantity of pure methamphetamine contained within the 2.25 kilograms of methamphetamine mixture seized at the time of his arrest.
 
 
 18
 Azevedo's appeal is DISMISSED. Bishop's sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The relevant portion of 21 U.S.C. Sec. 841(a)(1) provides:
 (b) ... any person who violates subsection (a) of this section shall be sentenced as follows ...
 (viii) 100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 1 kilogram of more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;
 such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life.
 18 U.S.C. Sec. 821(a)(1) (1988).